UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STEVEN L. KLINGER, JR. and<br>SHEILA J. KLINGER,<br><br>                     Plaintiffs,<br>   v.<br><br>WELLS FARGO BANK, NA and<br>NORTHWEST TRUSTEE SERVICES,<br>INC.,<br><br>                     Defendants. | No. C10-5546RJB<br><br>ORDER DENYING PLAINTIFFS'<br>MOTION FOR TEMPORARY<br>RESTRAINING ORDER |

      This matter comes before the Court on Plaintiffs' Petition for Temporary Injunction (Dkt. 6) and Petition for Restraining Order (Dkt. 8).  The Court has considered the pleadings filed in the case and the remaining record herein.

**PROCEDURAL AND FACTUAL BACKGROUND**

      Plaintiffs reside in Puyallup, Washington.  Dkt. 5 at 1.  On August 5, 2010, Plaintiffs filed with the Court (1) an application to proceed *in forma pauperis*, (2) a proposed Petition, (3) a proposed Petition for Restraining Order, (4) a memorandum in support of the proposed Petition for Restraining Order, and (5) a proposed Petition for Temporary Injunction.  Dkt 1.  On August 11, 2010, the Court denied Plaintiffs' application to proceed *in forma pauperis*.  Dkt 2.  Plaintiffs were notified that a failure to pay the necessary $350 filing fee to the Court Clerk could result in a dismissal of their case.  Dkt 2.  On August 16, 2010, the Court Clerk received from Plaintiffs a filing fee of $350, receipt number TAC007731.

ORDER DENYING PLAINTIFFS' MOTION FOR TRO - 1

On August 11, 2010, Plaintiffs filed a Return of Service stating that their Original Petition and motions for a temporary restraining order were served on both Defendants via U.S. Mail on August 5, 2010.  Dkt. 3.  Plaintiffs' Original Petition against Defendants Wells Fargo Bank, NA and Northwest Trustee Services, Inc. alleges various claims with regards to the contract and purchase of the primary residence of Plaintiffs.  Dkt 5.  Of the remedies sought in the Original Petition, Plaintiffs seek "compensatory, consequential and other damages" in addition to a "Mandatory Injunction requiring re-conveyance of the subject property to the [Plaintiff], or in the alternative a Final Judgment granting [Plaintiff] Quiet Title in the subject property."  Dkt 5, at 7.

In addition to their Original Petition, Plaintiffs also filed a Petition for Temporary Injunction (Dkt. 6), a Memorandum in support of the Petition for Temporary Injunction (Dkt. 7), and a Petition for Restraining Order (Dkt. 8).  These three pleadings each request the Court to enter a temporary restraining order against Defendants enjoining Defendants from "foreclosing on property owned by Plaintiff" in a non-judicial foreclosure proceeding.  Dkt 6 at 23; Dkt. 7 at 1; Dkt 8 at 1.  As each of these pleadings includes identical allegations and arguments, the Court will consider these pleadings as one motion for a temporary restraining order enjoining Defendants from foreclosing on Plaintiffs' primary residence.

In their motions seeking a temporary restraining order, Plaintiffs allege that they will suffer imminent and irreparable harm if Defendants are not enjoined from foreclosing on "the property owned by Plaintiff."  Dkt 6 at 23; Dkt. 7 at 1; Dkt 8 at 1.  Plaintiffs further allege that there exists no adequate remedy at law because "once the foreclosure sale has taken place Plaintiff will suffer the complete loss of the property as Defendant will sell the property to a third party who will have a right of possession without regard to the claims Plaintiff has against

ORDER DENYING PLAINTIFFS' MOTION FOR TRO - 2

Defendant." Dkt 6 at 23; Dkt. 7 at 2; Dkt 8 at 1.  Plaintiffs further assert that injunctive relief should be granted without notice to Defendants because Plaintiffs will suffer "immediate and irreparable injury" if a temporary restraining order is not granted before Defendants can be heard.  Dkt. 6 at 24; Dkt. 7 at 3; Dkt. 8 at 2.  Plaintiffs also allege that Defendants' sale of Plaintiffs' property is scheduled for August 6, 2010 (Dkt. 7 at 3; Dkt. 8 at 2) and "the week of August 6, 2010" (Dkt 6 at 24).

## DISCUSSION

Under the Federal Rules of Civil Procedure, a temporary restraining order may be granted without notice only if (1) it clearly appears from the specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss, or damage will result to the applicant before the adverse party or that party's attorney can be heard in opposition and (2) the applicant or applicant's attorney certifies to the court in writing the efforts, if any, which have been made to give the notice and the reasons supporting the claim that notice should not be required.  Fed.R.Civ.P. 65(b)(1).  The basic function of such injunctive relief is to preserve the *status quo* pending a determination of the action on the merits.  *Los Angeles Memorial Coliseum Com'n v. National Football League*, 634 F.2d 1197, 1200 (9th Cir. 1980).

In the present case, proper consideration of Plaintiffs' motions for a temporary restraining order enjoining Defendant's foreclosure sale arose only after the August 16, 2010 receipt by the Court Clerk of Plaintiffs' filing fee.  As per 28 U.S.C. § 1914(a), receipt of the $350 filing fee was necessary before the consideration of this civil proceeding.  Furthermore, the facts before the Court make clear that any harm that could be brought upon Plaintiffs by Defendants' foreclosure sale on or about August 6, 2010 would have occurred prior to the August 16, 2010 institution of Plaintiffs' motion for a temporary restraining order.  As such, Plaintiffs are unable to show how a

ORDER DENYING PLAINTIFFS' MOTION FOR TRO - 3

presently ordered temporary restraining order could prevent any immediate or future irreparable harm resulting from past conduct by Defendants. Thus, Plaintiffs' motion for a temporary restraining order enjoining Defendants from conducting a foreclosure sale should be denied.

Therefore, it is hereby

**ORDERED** that Plaintiffs' Petition for Temporary Injunction (Dkt. 6) and Petition for Restraining Order (Dkt. 8) are **DENIED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 1st day of September, 2010.

ROBERT J. BRYAN
United States District Judge

ORDER DENYING PLAINTIFFS' MOTION FOR TRO - 4