The Honorable Robert J. Bryan

1

2

3

4

5

6

7

8    **UNITED STATES DISTRICT COURT WESTERN DISTRICT OF**
     **WASHINGTON AT TACOMA**

9

10   STEVEN L. KLINGER, JR., and SHEILA J.          )
     KLINGER,                                        )
11                                                   )   No. 3:10-cv-05546-RJB
                                  Plaintiffs,        )
12                                                   )   **DEFENDANT NORTHWEST**
          v.                                         )   **TRUSTEE SERVICES, INC.'S**
13                                                   )   **MOTION TO DISMISS FOR**
     WELLS FARGO BANK, N.A.; NORTHWEST               )   **FAILURE TO STATE A CLAIM**
     TRUSTEE SERVICES, INC.,                         )   **UPON WHICH RELIEF CAN BE**
14                                                   )   **GRANTED**
                                  Defendants.        )
15                                                   )   **NOTE ON MOTION CALENDAR:**
                                                     )   **October 8, 2010**
16                                                   )
17   ─────────────────────────────────────────────  )

18                 **I.      INTRODUCTION & RELIEF REQUESTED**

19        COMES NOW Defendant Northwest Trustee Services, Inc. ("NWTS") and moves this

20   court for dismissal, without leave to amend, on the grounds Plaintiffs have failed to state a claim

21   upon which relief can be granted under FRCP 12(b)(6) because 1) Plaintiffs failed to exercise

22   their pre-sale remedies thereby waiving their claims and any right to challenge the sale, and 2)

23   notwithstanding waiver, Plaintiffs fail to alleges facts or law to sufficiently state any claim

24   against NWTS.

25

26

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

Plaintiffs' Complaint asserts various claims with regard to the contract and purchase of Plaintiffs' primary residence. NWTS is the successor trustee appointed more than one year after the contract and purchase of the Plaintiffs' residence. As such, NWTS was not a party to the original contract. While much of Plaintiffs' Complaint is devoted to explaining a number of conspiracy theories relating to the lending and mortgage industry, nearly all of the allegations are made generally as to "Defendants" or "Lender" and do not specifically mention any of the Defendants or cite any facts relating to the Plaintiffs except to identify the property address.

To that end, the Complaint makes only two general references to the "Trustee." First, the Complaint provides, "Lender conspired with **trust** Agent at closing to create condition of stress for specific purpose of inducing Petitioner to sign documents without allowing time for Petitioner to read and fully understand." (emphasis added) Dkt.1. Second, the Complaint provides, "The closing procedure was carefully crafted, designed and intended to induce Petitioner, through shame and trickery, in violation of **trustee's fiduciary duty** to Petitioner and duty to provide fair and honest services, to sign documents Petitioner did not have opportunity to read and fully understand." (emphasis added) Dkt.1.

## II.   STATEMENT OF FACTS

On or about April 28, 2008, Plaintiffs Steven L. Klinger, Jr. and Sheila J. Klinger (the "Klingers" or "Plaintiffs"), in order to secure repayment of a promissory note (the "Note") in the amount of $243,676.00, granted to Mortgage Electronic Registrations Systems, Inc. ("MERS") as nominee for Lender Pierce Commercial Bank, its successors and assigns ("Lender") a deed of trust (the "Deed of Trust"). The Deed of Trust encumbers the real property commonly known as 8503 163rd Street Court East, Puyallup, Washington 98375 (the "Property"). The Deed of Trust was recorded on April 30, 2008, under Pierce County Auditor's File No. 200804301157. True and

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

correct copies of the Note and Deed of Trust are attached hereto as Exhibits A and B, respectively[1].

Thereafter, Plaintiffs defaulted under the terms of the Note and Deed of Trust by failing to make the payment due on August 1, 2009 and every payment due thereafter.

On or about December 8, 2009, MERS executed an assignment of deed of trust (the "Assignment of Deed of Trust") whereby it assigned its interest under the Deed of Trust to Wells Fargo Bank, N.A. ("Wells Fargo"). The Assignment of Deed of Trust was recorded under Pierce County Auditor's File No. 20091290266. A true and correct copy of the Assignment Deed of Trust is attached hereto as Exhibit C.

On or about December 8, 2009, NWTS, as agent to Wells Fargo, transmitted a Notice of Default by mailing said Notice of Default to Plaintiffs and posting the Notice of Default at the Property. True and correct copies of the Notice of Default, Affidavit of Mailing, and Affidavit of Posting are hereto attached as Exhibits D, E, and F, respectively.

On or about December 9, 2009, Wells Fargo Bank, N.A. recorded an appointment of successor trustee (the "Appointment of Successor Trustee") naming Northwest Trustee Services, Inc., the successor trustee. The Appointment of Successor Trustee was recorded under Pierce County Auditor's File No. 200912090267. A true and correct copy of the Appointment of Successor

---

[1] This court may consider the contents of documents referenced in the complaint, may take judicial notice of publicly recorded documents, and may consider the documents without turning this motion into one for summary judgment. *See e.g., Shaw v. Hahn,* 56 f.3d 1128, 1129 n. 1 (9th Cir. 1995). "Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *Parrino v. FHP, Inc.* 146 F.3d 669, 707 (9th Cir. 1998). "A court may consider evidence on which the complaint 'necessarily relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion.". *Id.* In addition to ruling on a 12(b)(6) motion, the court may take judicial notice of facts outside the pleadings. *Mack v. South Bay Beer Distrib., Inc.,* 798 F.2d 1279, 1282 (9th Cir. 1986), *abrogated on other grounds, Astoria Fed. Sav. & Loan Ass'n v. Solimino,* 501 U.S. 104 (1991). *See also In re Cendent Corp Derivative Action Litig.,* 189 F.R.D. 117, 127 (D.N.J. 1999) (in resolving a motion to dismiss, courts may consider the allegations of the complaint, documents attached to or specifically referenced in the complaint, and matters of public record). When this Court considers a motion to dismiss, "documents whose contents are alleged in the complaint and whose authenticity no party questions may be considered." *In re Stacs Elecs. Sec. Litig.,* 89 F.3d 1399, 1405 n. 4 (9th Cir. 1996) (quoting *Fecht v. The Price Co.,* 70 F.3d 1078, 1080 n.1 (9th Cir. 1995)).

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1   Trustee is attached hereto as Exhibit G.

2       On or about December 15, 2009, Plaintiff recorded a document entitled "Constructive Legal

3   Notice of Lawful Debt Validation Demand" (the "Recorded Demand") under Pierce County

4   Auditor's File No. 200912150165. A true and correct copy of the Recorded Demand is hereto

5   attached as Exhibit H. The Recorded Demand purportedly "disputed the alleged mortgage debt."

6

7       On or about March 30, 2010, NWTS replied to Plaintiff via a letter ("Validation Letter")

8   validating the debt. In addition, NWTS provided Plaintiff copies of the payment history, Note, and

9   Deed of Trust. A true and correct copy of the Validation Letter is hereto attached as Exhibit I.

10      On or about April 24, 2010, Plaintiffs mailed to NWTS, a second debt dispute ("Plaintiff's

11  2nd Debt Dispute Letter") requesting validation of the debt. A true and correct copy of Plaintiff's

12  Debt Dispute Letter is hereto attached as Exhibit J.

13

14      On or about May 3, 2010, NWTS replied to Plaintiff via a letter ("2nd Validation Letter")

15  citing the previous validation of the debt. A true and correct copy of the 2nd Validation Letter is

16  hereto attached as Exhibit K.

17      On or about May 5, 2010, NWTS recorded a notice of trustee's sale (the "Notice of Sale")

18  under Pierce County Auditor's File No. 201005050270, which set the trustee's sale for August 6,

19  2010. A true and correct copy of the Notice of Sale is attached hereto as Exhibit L.

20

21      Again, on or about June 19, 2010, Plaintiffs mailed to NWTS, a third debt dispute

22  ("Plaintiff's 3rd Debt Dispute Letter") requesting validation of the debt. A true and correct copy of

23  Plaintiff's 3rd Debt Dispute Letter is hereto attached as Exhibit M.

24      On or about June 23, 2010, NWTS replied to Plaintiff via a letter ("3rd Validation Letter")

25  citing the previous validation of the debt. A true and correct copy of the 3rd Validation Letter is

26  hereto attached as Exhibit N.

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

On or about August 5, 2010, Plaintiffs filed 1) an application to proceed *in forma pauperis*, 2) a proposed Petition, 3) a proposed Petition for Restraining Order, 4) memorandum in support of proposed Petition for Restraining Order, and 5) a proposed Petition for Temporary Restraining Order. Dkt.1.

Plaintiffs filed a Return of Service stating their Original Petition and motions for temporary restraining order were served on Defendants via U.S. Mail on August 5, 2010. Dkt. 3.

As no TRO or preliminary injunction was in effect, on or about August 6, 2010, the property was sold via a valid trustee's sale to Wells Fargo Bank, N.A., as the highest bidder. A Trustee's Deed was delivered and recorded August 17, 2010, under Pierce County Auditor's File No. 201008170582. A true and correct copy of the Trustee's Deed is hereto attached as Exhibit O.

On or about September 1, 2010, the Court entered an Order Denying Plaintiff's Motion for Temporary Restraining Order on the grounds that Plaintiffs failed to provide proper notice of the Motion for TRO and did not demonstrate a likelihood of prevailing on the merits. Dkt.12.

### III.    ISSUES PRESENTED

Whether Plaintiffs' Complaint must be dismissed under FRCP 12(b)(6) when 1) Plaintiffs waived their claims for breach of fiduciary duty, negligence, TILA violations, and intentional infliction of emotional distress and any right to challenge or set aside the sale by failing to exercise their pre-sale remedies provided under RCW 61.24.130, and 2) Plaintiffs fail to make any factual allegations as to NWTS in support of any of Plaintiffs' claims.

### IV.    EVIDENCE RELIED UPON

The Motion to Dismiss is supported by the pleadings, exhibits thereto, the records and docket on file in this case, and the undisputed facts of which the Court may take judicial notice.

/ / /

/ / /

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

# V.    AUTHORITY & ARGUMENT

## A.  STANDARD FOR A FED. R. CIV. P. 12(B)(6) MOTION TO DISMISS.

A complaint, or any cause of action alleged therein, must be dismissed when it fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A plaintiff fails to state a claim if his complaint does not allege sufficient fact which, if true, would provide adequate grounds for his or her entitlement to relief. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S. Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007). More recently, in *Ashcroft v. Iqbal,* 556 U.S. __, 129 S.Ct. 1937, 177 L.Ed.2d 868 (2009), the United States Supreme Court expanded upon its reasoning in *Twombly,* stating that:

> The pleading standard under F.R.C.P. 8 does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." A pleading that offers "labels and conclusions" or a "formulaic recitation of elements of a cause of action will not do." Nor so does a complaint suffice if it tenders "naked assertions" devoid of "further factual enhancement."

*Iqbal,* 129 S.Ct. at 1949 (internal citations omitted).

To survive a motion to dismiss, a complaint must contain sufficient factual matter which, if accepted as true, "states a claim to relief that is plausible on its face." *Id.* (citing *Twombly,* 550 U.S. at 570). A claim has facial plausibility when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* (citing *Twombly,* 550 U.S. at 556). In *Iqbal,* the court reasoned that the "plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Id.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at 557).

DEFENDANT NWTS' MOTION TO
DISMISS –PAGE 6 of 15
CASE NO. 3:10-cv-05546-RJB

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

The Supreme Court outlined two "working principles" for applying the *Twombly* standard in the motion to dismiss context:

> [(1)] the tenet that a court must accept as true all the allegations contained in a complaint is inapplicable to legal conclusions…[t]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice [and (2)] only a complaint that states a plausible claim for relief survives a motion to dismiss.

*Id.* at 1949-50. The Court noted that the determination of whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense, "but where well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]" – "that the pleader is entitled to relief." *Id.* at 1950 (citing Fed. Civ. R. P. 8(a)). As additional guidance in applying these principles, the Court stated:

> [A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement of relief.

*Id.* Application of these pleading standards necessitates dismissal of Plaintiffs' causes of action against Defendants. Here, as in *Iqbal*, Plaintiffs' Complaint has not "nudged" their claims "across the line from conceivable to plausible." *Iqbal*, 129 S.Ct. at 1951 (citing *Twombly*, 550 U.S. at 570).

## B. PLAINTIFFS FAILED TO EXERCISE THEIR PRESALE REMEDIES WAIVING MOST OF THEIR CLAIMS AND ANY RIGHT TO CHALLENGE THE FORECLOSURE PROCESS OR SALE.

The Washington Deed of Trust Act ("DTA") has been construed to promote three distinct

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

goals, which include 1) that the nonjudicial foreclosure process should be efficient and inexpensive; 2) that the process should result in interested parties having an adequate opportunity to prevent wrongful foreclosure; and 3) that the process should promote stability of land titles. *Plein v. Lackey,* 149 Wn.2d 214, 225, 67 P.3d 1061, 1067 (2003) (citing *Cox v. Helenius,* 103 Wn.2d 383, 387, 693 P.2d 683 (1985)).Under Washington law, the failure to take advantage of the presale remedies as provided by the DTA results in waiver of the right to object to the sale where a party 1) received notice of the right to enjoin the sale, 2) had actual or constructive knowledge of a defense to foreclosure prior to the sale, and 3) failed to bring an action to obtain a court order enjoining the sale. *Plein v. Lackey,* 149 Wn.2d 214, 227, 67 P.3d 1061, 1067 (2003) (citing *Country Express Stores, Inc.,* 87 Wn. App. at 749-51, 943 P.2d 374; *Steward v. Good,* 51 Wn. App. 509, 515-17, 754 P.2d 150 (1988); *Koegel v. Prudential Mut. Sav. Bank,* 51 Wn. App. 108, 114, 752 P.2d 385 (1988); *Peoples Nat'l Bank of Wash. v. Ostrander,* 6 Wn. App. 28, 491 P.2d 1058 (1971)).

Washington courts have held that the waiver doctrine applied in this context serves all three goals of the DTA in that adequate remedies to prevent wrongful foreclosure exist in the presale remedies, and finding waiver in these circumstances furthers the goals of providing an efficient and inexpensive foreclosure process and promoting the stability of land titles. *Plein,* 149 Wn.2d at 228 (citing *Country Express Stores, Inc.,* 87 Wn. App. at 752, 943 P.2d 374).

To that end, the DTA provides a specific procedure for stopping a trustee's sale. *Plein v. Lackey,* 149 Wn.2d 214, 225, 67 P.3d 1061, 1067 (2003). The procedure requires that, in addition to filing a lawsuit, the party must move "to restrain" a trustee's sale "on any proper ground." *Id.* at 225. "However, a court cannot grant a 'restraining order or injunction to restrain a trustee's sale' unless the person seeking the order has provided five days' notice to the trustee of

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1   the attempt to seek the order." *Id.* at 226; RCW 61.24.130(1), (2). This statutory procedure is

2   "the only means by which a grantor may preclude a sale once foreclosure has begun with receipt

3   of the notice of sale and foreclosure." *Id.* at 226 (citing *Cox,* 103 Wn.2d at 388, 693 P.2d 683).

4   Moreover, bringing a suit objecting to the alleged default or to the foreclosure proceedings

5   without obtaining a restraining order does not prevent the sale from going forward. *Id.* at 227.

6

7       Additionally, the Court of Appeals in considering the same issues as presented in this

8   case held that by failing to request a preliminary injunction or restraining order enjoining a

9   nonjudicial foreclosure sale at least five days before the sale date, a borrower also waives claims

10  for damages. *Brown v. Household Realty Corp.,* 146 Wn. App. 157, 160, 189 P.3d 223 (2008).

11      The Washington State Legislature created a limited exception to the general rule when it

12  enacted RCW 61.24.127, which provides in pertinent part:

13

14          (1) The failure of the borrower or grantor to bring a civil action to enjoin a
            foreclosure sale under this chapter may not be deemed a waiver of a claim for
15          damages asserting:
            (a) Common law fraud or misrepresentation;
16          (b) A violation of Title 19 RCW; or
            (c) Failure of the trustee to materially comply with the provisions of this
17          chapter.

18  RCW 61.24.127.

19      Here, Plaintiffs' attempt to restrain the sale was deficient. Plaintiffs did not properly

20  serve the lawsuit on NWTS, and Plaintiffs did not provide NWTS five days' notice of their intent

21  to seek an order restraining the sale, and therefore no Temporary Restraining Order or

22  Preliminary Injunction was in effect to restrain the sale. Plaintiffs had notice of their right to

23  enjoin as provided in the recorded Notice of Sale, and given that they sent numerous letters to

24  NWTS asserting their "alleged defenses" to the foreclosure, Plaintiffs' failure to enjoin prior to

25  the sale resulted in waiver of Plaintiffs' breach of fiduciary duty, negligence, Truth in Lending

26

9

DEFENDANT NWTS' MOTION TO
DISMISS –PAGE 9 of 15
CASE NO. 3:10-cv-05546-RJB

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

Act ("TILA") violations, and Intentional Infliction of Emotional Distress ("IIED") claims and limits Plaintiffs' right to any damages for their fraud claim to monetary damages only.

**1.   Plaintiffs Did Not Properly Serve the Summons and Complaint on NWTS Prior to the Trustee's Sale.**

Under FRCP 4(h), service on a domestic corporation may be made by 1) following the state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or 2) by delivering a copy of the summons and complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and — if the agent is one authorized by statute and the statute so requires — by also mailing a copy of each to the defendant. FRCP (h)(1)(A)-(B).

Under state law, service by mail must be authorized by the court. [Superior] CR 4(d)(4). Additionally, CR 4 provides that under the same circumstances that would justify service by publication, service may instead be made by mail. CR 4(d)(4). Personal service by publication is only warranted when the defendant cannot be found within the state. RCW 4.28.100. Additionally, service by publication, and therefore service by mail, require that plaintiff make a showing of due diligence. *Hoffman v. Connall*, 43 Wn. App. 532, 718 P.2d 814 (Div. 3 1986), decision rev'd on other grounds, 108 Wn.2d 69, 736 P.2d 242 (1987); *Rodriguez v. James–Jackson*, 127 Wn. App. 139, 111 P.3d 271 (Wash. Ct. App. 2005).

In this case, service by mail did not comply with FRCP 4. NWTS is not an out of state defendant. Plaintiffs are aware of the Washington address at which NWTS via its registered agent could be served as Plaintiff has sent numerous letters to NWTS. Additionally, Plaintiffs made no showing of inability to locate NWTS, due diligence in regard to attempts to locate

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

NWTS, and obtained no court order to authorize service by mail. Thus, service by mail was not authorized in this case, and Plaintiffs' attempt to serve NWTS by mail was inadequate to put NWTS on notice of Plaintiffs' lawsuit.

**2.     Plaintiffs Failed to Obtain a Temporary Restraining Order or Preliminary Injunction Prior to the Trustee's Sale.**

In order to restrain a trustee's sale, the Plaintiff must move the court for a temporary restraining order or preliminary injunction and must provide five days' notice to the trustee of the time, place where, and judge before whom the application for TRO or injunction is to be made. *Plein*, 149 Wn.2d at 226; RCW 61.24.130(1), (2). Here, Plaintiff did not obtain a temporary restraining order or preliminary injunction and did not provide NWTS five days' notice of their intent to seek an order to restrain. Obtaining a TRO or preliminary injunction is essential to restraining the sale. Without such a court order, there is no duty to restrain a sale. Because Plaintiff did not obtain a TRO or preliminary injunction, NWTS had no duty to restrain the sale.

The practical effect of Plaintiffs' deficient attempt to restrain the sale was that NWTS had no notice of Plaintiffs' lawsuit or desire to restrain until after the sale had occurred. Additionally, as discussed in the court's Order Denying Plaintiffs' Motion for TRO, Plaintiffs lacked any legal or equitable grounds to restrain and did not demonstrate a likelihood of prevailing on the merits. Therefore, it was proper for NWTS to carry out the sale, and Plaintiffs are now precluded from any right to challenge the sale and assert their claims for breach of fiduciary duty, negligence, TILA violations, and IIED.

/ / /

/ / /

DEFENDANT NWTS' MOTION TO
DISMISS –PAGE 11 of 15
CASE NO. 3:10-cv-05546-RJB

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

## C. NOTWITHSTANDING WAIVER, PLAINTIFFS' COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED AS TO NWTS UNDER FRCP 12(b)(6).

### 1.   Plaintiffs' Breach of Fiduciary Duty Claim Fails as to NWTS.

A trustee carrying out a nonjudicial foreclosure is not a true fiduciary. RCW 61.24.010(3). The Deed of Trust Act specifically provides that "the trustee or **successor trustee** shall have **no fiduciary duty** or fiduciary obligation to the grantor or other persons having an interest in the property subject to the deed of trust." (emphasis added) RCW 61.24.010(3). NWTS is the successor trustee that carried out the nonjudicial foreclosure. Accordingly, NWTS owed no fiduciary duty to Plaintiffs.

Additionally, Plaintiffs' allegations of breach relate to the closing of the loan. NWTS was not the trustee at the closing of the loan. Therefore, neither of Plaintiffs' allegations applies to NWTS and cannot support any claim against NWTS. Finally, as discussed above, this claim is waived. For these reasons, Plaintiffs' claim for breach of fiduciary duty as to NWTS must be dismissed.

### 2.   Plaintiffs' Claim for Negligence/Per Se Negligence Fails as to NWTS.

To prevail on a claim for negligence, the Plaintiff must show the Defendant owed a duty of care, breached that duty, and that the Defendant's breach was the proximate cause of Plaintiff's injury. *See Phillips v. Kaiser Aluminum & Chemical Corp.*, 74. Wn. App. 741, 875 P.2d 1228 (Wash. Ct. App. 1994).

In this case, Defendant NWTS is the foreclosing trustee, and Plaintiffs make no allegations as to NWTS in their claim for negligence. Clearly, as the foreclosing trustee, appointed long after Plaintiffs' original loan, NWTS had no involvement in the lending process

DEFENDANT NWTS' MOTION TO
DISMISS –PAGE 12 of 15
CASE NO. 3:10-cv-05546-RJB

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

and owed no duty of care associated with that process. Additionally, as discussed above, this claim is waived. Therefore, to the extent that Plaintiffs assert any negligence claim against NWTS, it should be dismissed.

### 3.    Plaintiffs' Claim for Fraud Fails as to NWTS.

Under FRCP 9(b), all averments of fraud and the circumstances constituting fraud must be stated with particularity. Fed. R. Civ. P. 9(b). When pleading a civil fraud claim, a complaint must, at a minimum, "state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *See Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004). Additionally, under Washington, a fraud claim requires that Plaintiff must establish all nine elements of fraud by clear, cogent, and convincing evidence. *Stieneke v. Russi*, 145 Wn. App. 544, 190 P.3d 60 (Wash. Ct. App. 2008). The nine elements of fraud are: 1) Representation of an existing fact; 2) Materiality of the representation; 3) Falsity of the representation; 4) The speaker's knowledge of its falsity; 5) The speaker's intent that it be acted upon by the plaintiff; 6) Plaintiff's ignorance of the falsity; 7) Plaintiff's reliance on the truth of the representation; 8) Plaintiff's right to rely upon it; and 9) Resulting damages. *Carlile v. Harbour Homes, Inc.*, 147 Wn. App. 193, 194 P.3d 280 (Wash. Ct. App. 2008), review granted in part, 210 P.3d 1019 (2009).

In this case, Plaintiffs' fraud claim does not contain even one allegation of wrongdoing on the part of NWTS, and Plaintiffs fail to plead even one of the nine elements to state a claim for fraud as to NWTS. The Complaint provides no facts that support any claim for fraud and therefore fails to apprise NWTS of the underlying action that supports a claim for fraud. Thus, Plaintiffs' claim clearly does not reach the heightened standard a fraud claim is subject to and must be dismissed.

DEFENDANT NWTS' MOTION TO
DISMISS –PAGE 13 of 15
CASE NO. 3:10-cv-05546-RJB

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

### 4.     Plaintiffs' TILA Claim Fails as to NWTS.

Plaintiffs' TILA claim is barred by its one year statute of limitations. TILA provides, "Any action under this section may be brought…within one year of the occurrence of the violation." 15 U.S.C. sec. 1640(e); *Hubbard v. Fidelity Fed. Bank*, 91 F.3d 75, 79 (9th Cir. 1996). In a related case alleging inaccurate disclosures and faulty rescission notices, the court held TILA's one year limitation period begins to run the date the loan is consummated. *In re Wepsic*, 231 B.R. 768, 775 (S.D. Cal. 1998). *See also, Stevens v. Rock Springs Nat'l. Bank*, 497 F.2d 307 (10th Cir. 1974); *Cooper v. First Gov't Mtg. and Inv. Corp.*, 238 F.Supp.2d 50 (D.D.C. 2002).

Plaintiffs' TILA claim fails for a number of reasons. First, Plaintiffs assert no facts relating to NWTS in support of the TILA claim, and it appears to relate to the closing of the loan. As NWTS was not a party to the contract at closing, Plaintiffs cannot assert liability on the part of NWTS for conduct associated with the loan closing. Secondly, as discussed above, Plaintiffs waived this claim. Finally, even if the Lender failed to make – or inadequately make – TILA disclosures, Plaintiffs had one year from the loan closing to file their TILA claim against the Lender. The loan closed on April 28, 2008, and Plaintiffs filed their Complaint on August 5, 2010, which was clearly outside the one year limitation. As such, Plaintiffs' TILA claim must be dismissed.

### 5.     Plaintiffs' Claim for Intentional Infliction of Emotional Distress Fails as to NWTS.

To prevail on a claim of outrage (or intentional infliction of emotional distress ["IIED"], the plaintiff must prove 1) extreme and outrageous conduct, 2) intentional or reckless infliction of emotional distress, and 3) that severe emotional distress actually resulted. *Womack v. Rardon*, 133 Wn. App. 254, 260-61, 135 P.3d 542 (2006). To be considered outrageous and extreme, the

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

conduct complained of must be so outrageous in character and so extreme in degree as to be indecent, atrocious, and intolerable in a civilized community. *Kloepfel v. Bokor,* 149 Wn.2d 192, 196, 66 P.3d 630 (2003).

As Plaintiffs allege no specific conduct by NWTS they clearly allege no conduct by NWTS that amounts to outrageous conduct. Additionally, no severe emotional distress has been shown. As discussed above, this claim is also waived. Accordingly, Plaintiffs' IIED claim must be dismissed.

## VI.    CONCLUSION

Based on the foregoing, the Defendant Northwest Trustee Services, Inc. respectfully requests that the Court dismiss Plaintiffs' Complaint in entirety, with prejudice.

## VII.    PROPOSED ORDER

A proposed order granting the requested relief accompanies this Motion.

DATED this 8th day of September, 2010.

ROUTH CRABTREE OLSEN, P.S.

By:  /s/ Heidi E. Buck
　　　Lance E. Olsen, WSBA No. 25130
　　　Heidi E. Buck, WSBA No. 41769
　　　Attorneys for Defendant Northwest
　　　Trustee Services, Inc.

DEFENDANT NWTS' MOTION TO
DISMISS –PAGE 15 of 15
CASE NO. 3:10-cv-05546-RJB

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131