**EXHIBIT K**



**NORTHWEST**
Trustee Services Inc.

Jeff Stenman
Foreclosure Manager
Direct: (425) 586-1903
jstenman@northwesttrustee.com

March 30, 2010

Mr. Steven L. Klinger, Jr.
Mrs. Sheila J. Klinger
8503 163rd Street Court East
Puyallup, WA 98375

> **Re:   *Wells Fargo Bank, N.A./Loan No:*** ████████
> ***Property address: 8503 163rd Street Court East, Puyallup, WA 98375***
> ***Our File No: 7023.09102***

Dear Mr. and Mrs. Klinger:

   This letter responds to your correspondence dated January 25, 2010 and December 15, 2009, addressed to Wells Fargo, which Northwest Trustee Services, Inc. received a copy. It is our understanding that Wells Fargo has responded directly to your requests via the enclosed letter dated February 11, 2010.

   To further validate the debt, enclosed please find a payment history, a copy of the note evidencing the loan and the deed of trust securing the loan.

   If you believe that you have valid defenses to the foreclosure, we strongly encourage you to engage counsel to pursue all available legal remedies without delay. There does not appear to be any authority under state law to mandate the form of response demanded in your letter outside of a formally filed action and pursuant to a plan of discovery.

   Having provided you with the documentation and information requested to validate the debt, the trustee will now resume foreclosure activities. If you have any questions, please feel free to contact me. Thank you.

   Sincerely,
   **NORTHWEST TRUSTEE SERVICES, INC.**

   By: _____
   Jeff Stenman
   Foreclosure Manager

Enclosures

**This is an attempt to collect a debt. Any information obtained will be used for that purpose.**

3535 Factoria Blvd. SE, Suite 220 | PO Box 997 | Bellevue, WA 98006 | 425.586.1900 phone | 425.586.1997 fax

EXHIBIT NO. K
1 OF 32

February 11, 2010

Steven L. Klinger Jr.
Sheila J. Klinger
8503 163rd St. Ct. East
Puyallup, WA  98375

Dear Steven L. and Sheila J. Klinger:

RE:   Wells Fargo Home Mortgage ("WFHM"), a division of Wells Fargo Bank, N.A.
       Loan Number ending in:  0854

This letter is in response to your correspondence, dated January 25, 2010, regarding your request to cancel your loan.

WFHM has reviewed your request to rescind the loan.  Our records reflect that your purchase money mortgage loan was processed and was closed on April 28, 2008, by Pierce Commercial Bank.  Wells Fargo Home Mortgage ("WFHM") purchased your loan after closing.

A review of our loan file did not find any evidence to support the concerns you raised in your letter.  If you have a specific issue with any of your disclosures, please provide a detailed description and WFHM will research and respond.

If you have any additional questions or need clarification regarding the information provided, please contact me directly at (800) 840-5812.  I am available to assist you Monday through Friday, 8:00 a.m. to 5:00 p.m., Central Time.

Sincerely,



Paula Keener
Executive Mortgage Specialist, Retail - Office of the President
Wells Fargo Home Mortgage

EXHIBIT NO. K
2 OF 32

```
P309 LN ████████        MORTGAGE LOAN HISTORY              03-29-10
NAME SL KLINGER          INV-LN ████████      (DUE 08-01-09) TYPE 11
BR IL MAN F P-TYPE 1 INT .0612500 FIRST PB    240,246.07  2ND PB        .00
HUD    .00   NET   1888.00  SF .00000000 SUSP       .00 STOP D B P F N A D L
REP    .00   RES       .00                               4 0 0 1 T 0 0 0
   APP          03-16         03-05         03-04        02-25        02-16
   SEG#/DUE     08-09         08-09         05-10        00-00        08-09
   TYPE/TRAN     1 52          1 61          3 10         6 31         1 52
   AMOUNT         .00         98.25         98.25-         .00          .00
   PRIN-PD        .00           .00           .00          .00          .00
   PRIN-BAL 240,246.07    240,246.07    240,246.07   240,246.07   240,246.07
   INT-PD         .00           .00           .00          .00          .00
   ESC-PD         .00         98.25         98.25-         .00          .00
   ESC-BAL        .00           .00         98.25-         .00          .00
   A&H-INS        .00           .00           .00          .00          .00
   LIFE-INS       .00           .00           .00          .00          .00
   LC/FEES  1   75.52-          .00           .00          .00   1    75.52-
   MISC-PD        .00           .00           .00          .00          .00
   ADV-BAL     953.34        953.34        855.09       855.09       855.09
   SUSP           .00           .00           .00          .00          .00
   SC/PAYEE                                   RBP        SE-FNFS

PAGE 001 OF 010    TOTAL TRANS AVAILABLE 0048    OLDEST TRAN 03-04-09 /P
```

EXHIBIT NO. K
3 OF 32

86

M0120@G96OP.T1

Mar 30, 2010 9:31:49 AM

```
  P309 LN [REDACTED]          MORTGAGE LOAN HISTORY                    03-29-10
  NAME SL KLINGER             INV-LN [REDACTED]    DUE 08-01-09 TYPE 11
  BR IL MAN F P-TYPE 1 INT .0612500 FIRST PB    240,246.07  2ND PB        .00
  HUD     .00  NET    1888.00  SF .00000000 SUSP        .00 STOP D B P F N A D L
  REP     .00  RES       .00                                  4 0 0 1 T 0 0 0
     APP         02-05         02-04         01-26         01-19         01-06
     SEG#/DUE    08-09         05-10         00-00         08-09         08-09
     TYPE/TRAN   1  61         3  10         6  31         1  52         1  61
     AMOUNT      98.25         98.25-          .00           .00         98.25
     PRIN-PD       .00           .00           .00           .00           .00
     PRIN-BAL 240,246.07    240,246.07    240,246.07    240,246.07    240,246.07
     INT-PD        .00           .00           .00           .00           .00
     ESC-PD      98.25         98.25-          .00           .00         98.25
     ESC-BAL       .00         98.25-          .00           .00           .00
     A&H-INS       .00           .00           .00           .00           .00
     LIFE-INS      .00           .00           .00           .00           .00
     LC/FEES       .00           .00           .00  1      75.52-          .00
     MISC-PD       .00           .00           .00           .00           .00
     ADV-BAL     855.09        756.84        756.84        756.84        756.84
     SUSP          .00           .00           .00           .00           .00
     SC/PAYEE                   RBP           SE-FNFS

  PAGE 002 OF 010    TOTAL TRANS AVAILABLE 0048   OLDEST TRAN 03-04-09 /P
```

EXHIBIT NO. K
4 OF 32

M@120@G96OP.T1

Mar 30, 2010 9:31:53 AM

```
  P309 LN ▓▓▓▓▓▓▓▓,        MORTGAGE LOAN HISTORY                    03-29-10
NAME SL KLINGER            INV-LN ▓▓▓▓▓▓▓▓▓▓ DUE 08-01-09 TYPE 11
BR IL MAN F P-TYPE 1 INT .0612500 FIRST PB    240,246.07  2ND PB        .00
HUD    .00  NET    1888.00  SF .00000000 SUSP        .00 STOP D B P F N A D L
REP    .00  RES        .00                              4 0 0 1 T 0 0 0
    APP            01-05         12-29         12-16         12-07         12-04
    SEG#/DUE       05-10         00-00         08-09         08-09         05-10
    TYPE/TRAN      3  10         6  31         1  52         1  61         3  10
    AMOUNT        98.25-           .00           .00         98.25         98.25-
    PRIN-PD          .00           .00           .00           .00           .00
    PRIN-BAL  240,246.07    240,246.07    240,246.07    240,246.07    240,246.07
    INT-PD           .00           .00           .00           .00           .00
    ESC-PD        98.25-           .00           .00         98.25         98.25-
    ESC-BAL       98.25-           .00           .00           .00         98.25-
    A&H-INS          .00           .00           .00           .00           .00
    LIFE-INS         .00           .00           .00           .00           .00
    LC/FEES          .00           .00  1      75.52-          .00           .00
    MISC-PD          .00           .00           .00           .00           .00
    ADV-BAL       658.59        658.59        658.59        658.59        560.34
    SUSP             .00           .00           .00           .00           .00
    SC/PAYEE    RBP           SE-FNFS                           RBP

PAGE 003 OF 010    TOTAL TRANS AVAILABLE 0048   OLDEST TRAN 03-04-09 /P
```

M0120RG960P.T1

EXHIBIT NO. K
5 OF 32

Mar 30, 2010 9:31:56 AM

```
P309 LN ████████             MORTGAGE LOAN HISTORY                    03-29-10
NAME SL KLINGER              INV-LN ████████████ DUE 08-01-09 TYPE 11
BR IL MAN F P-TYPE 1 INT .0612500 FIRST PB    240,246.07  2ND PB        .00
HUD    .00  NET   1888.00  SF .00000000 SUSP        .00 STOP D B P F N A D L
REP    .00  RES       .00                                 4 0 0 1 T 0 0 0
```

| | | | | | |
|---|---|---|---|---|---|
| APP | 11-16 | 11-05 | 11-04 | 10-30 | 10-16 |
| SEG#/DUE | 08-09 | 08-09 | 05-10 | 08-09 | 08-09 |
| TYPE/TRAN | 1  52 | 1  61 | 3  10 | 1  86 | 1  52 |
| AMOUNT | .00 | 98.25 | 98.25- | 245,143.28 | .00 |
| PRIN-PD | .00 | .00 | .00 | .00 | .00 |
| PRIN-BAL | 240,246.07 | 240,246.07 | 240,246.07 | 240,246.07 | 240,246.07 |
| INT-PD | .00 | .00 | .00 | .00 | .00 |
| ESC-PD | .00 | 98.25 | 98.25- | .00 | .00 |
| ESC-BAL | .00 | .00 | 98.25- | .00 | .00 |
| A&H-INS | .00 | .00 | .00 | .00 | .00 |
| LIFE-INS | .00 | .00 | .00 | .00 | .00 |
| LC/FEES 1 | 75.52- | .00 | .00 | .00  1 | 75.52- |
| MISC-PD | .00 | .00 | .00 | .00 | .00 |
| ADV-BAL | 560.34 | 560.34 | 462.09 | 462.09 | 462.09 |
| SUSP | .00 | .00 | .00 | .00 | .00 |
| SC/PAYEE | | | RBP | * | |

```
PAGE 004 OF 010    TOTAL TRANS AVAILABLE 0048    OLDEST TRAN 03-04-09 /P
```

EXHIBIT NO. K
6 OF 32

M0120AG96OP.T1                              Mar 30, 2010 9:31:59 AM

```
P309 LN ████████           MORTGAGE LOAN HISTORY              03-29-10
NAME SL KLINGER         INV-LN ██████████ DUE 08-01-09 TYPE 11
BR IL MAN F P-TYPE 1 INT .0612500 FIRST PB   240,246.07  2ND PB      .00
HUD    .00  NET   1888.00  SF .00000000 SUSP       .00 STOP D B P F N A D L
REP    .00  RES      .00                              4 0 0 1 T 0 0 0
  APP          10-15          10-14          10-02          09-16          09-15
  SEG#/DUE     08-09          10-09          05-10          08-09          08-09
  TYPE/TRAN    1  61          3  12          3  10          1  52          1  73
  AMOUNT      462.09      1,392.19-        98.25-            .00            .00
  PRIN-PD        .00            .00            .00            .00            .00
  PRIN-BAL 240,246.07     240,246.07     240,246.07     240,246.07     240,246.07
  INT-PD         .00            .00            .00            .00            .00
  ESC-PD      462.09      1,392.19-        98.25-            .00            .00
  ESC-BAL        .00        462.09-        930.10       1,028.35       1,028.35
  A&H-INS        .00            .00            .00            .00            .00
  LIFE-INS       .00            .00            .00            .00            .00
  LC/FEES        .00            .00            .00  1    75.52- 1        .45
  MISC-PD        .00            .00            .00            .00            .00
  ADV-BAL     462.09            .00            .00            .00            .00
  SUSP           .00            .00            .00            .00          .45-
  SC/PAYEE                    46053          RBP

PAGE 005 OF 010    TOTAL TRANS AVAILABLE 0048   OLDEST TRAN 03-04-09 /P
```

EXHIBIT NO. K
7 OF 32

M@120@G96OP.T1

Mar 30, 2010 9:32:03 AM

```
   P309 LN ████████          MORTGAGE LOAN HISTORY               03-29-10
   NAME SL KLINGER         INV-LN ████████████  DUE 08-01-09 TYPE 11
   BR IL MAN F P-TYPE 1 INT .0612500 FIRST PB    240,246.07 2ND PB       .00
   HUD    .00  NET   1888.00  SF .00000000 SUSP      .00 STOP D B P F N A D L
   REP    .00  RES       .00                             4 0 0 1 T 0 0 0
       APP          09-14         09-04         09-03        08-13        08-04
       SEG#/DUE    (07-09)        05-10         07-09       (06-09)       05-10
       TYPE/TRAN    1  72         3  10         1  73        1  73        3  10
       AMOUNT     1,853.00        98.25-          .00     1,852.55        98.25-
       PRIN-PD      253.05          .00           .00       251.77          .00
       PRIN-BAL   240,246.07  240,499.12    240,499.12   240,499.12   240,750.89
       INT-PD     1,227.55          .00           .00     1,228.83          .00
       ESC-PD       371.95        98.25-          .00       371.95        98.25-
       ESC-BAL    1,028.35        656.40        754.65       754.65       382.70
       A&H-INS        .00           .00           .00          .00          .00
       LIFE-INS       .00           .00           .00          .00          .00
       LC/FEES        .00           .00  1        1.45         .00          .00
       MISC-PD        .00           .00           .00          .00          .00
       ADV-BAL        .00           .00           .00          .00          .00
       SUSP           .45           .00          1.45-         .00          .00
       SC/PAYEE  *              RBP                        *             RBP

   PAGE 006 OF 010    TOTAL TRANS AVAILABLE 0048    OLDEST TRAN 03-04-09 /P
```

EXHIBIT NO. K
8 OF 32

M0120AG960P.TI                                      Mar 30, 2010 9:32:07 AM

```
   P309 LN ████████            MORTGAGE LOAN HISTORY                    03-29-10
   NAME SL KLINGER              INV-LN ████████████ DUE 08-01-09 TYPE 11
   BR IL MAN F P-TYPE 1 INT .0612500 FIRST PB    240,246.07  2ND PB        .00
   HUD    .00  NET   1888.00  SF .00000000 SUSP       .00 STOP D B P F N A D L
   REP    .00  RES      .00                              4 0 0 1 T 0 0 0
      APP          07-07          07-06          07-03        06-04        05-29
      SEG#/DUE     05-09          05-09          05-10        05-10        04-09
      TYPE/TRAN    1  73          1  72          3  10        3  10        1  68
      AMOUNT        .00        1,854.00          98.25-       98.25-         .00
      PRIN-PD    250.49            .00             .00          .00          .00
      PRIN-BAL 240,750.89   241,001.38      241,001.38   241,001.38   241,001.38
      INT-PD   1,230.11          .00             .00          .00          .00
      ESC-PD     371.95          .00           98.25-       98.25-       66.45-
      ESC-BAL    480.95       109.00          109.00       207.25       305.50
      A&H-INS      .00          .00             .00          .00          .00
      LIFE-INS     .00          .00             .00          .00          .00
      LC/FEES      .00          .00             .00          .00          .00
      MISC-PD      .00          .00             .00          .00          .00
      ADV-BAL      .00          .00             .00          .00          .00
      SUSP     1,852.55-    1,854.00            .00          .00          .00
      SC/PAYEE  *              *            RBP          RBP          *

   PAGE 007 OF 010    TOTAL TRANS AVAILABLE 0048   OLDEST TRAN 03-04-09 /P
```

92

M@120@G96OP.T1

EXHIBIT NO. K
9 OF 32

Mar 30, 2010 9:32:11 AM

```
P309 LN ████████          MORTGAGE LOAN HISTORY            03-29-10
NAME SL·KLINGER              INV-LN ████████████DUE 08-01-09 TYPE 11
BR IL MAN F P-TYPE 1 INT .0612500 FIRST PB    240,246.07 2ND PB        .00
HUD    .00  NET   1888.00  SF .00000000 SUSP      .00 STOP D B P F N A D L
REP    .00  RES       .00                             4 0 0 1 T 0 0 0
   APP          05-29          05-18          05-05          05-04          04-23
   SEG#/DUE    (04-09)         04-09          04-09          05-09          04-09
   TYPE/TRAN    1  73          1  52          1  61          3  10          3  51
   AMOUNT     1,852.55           .00          66.45          99.49-        698.00-
   PRIN-PD      249.22           .00            .00            .00            .00
   PRIN-BAL  241,001.38     241,250.60     241,250.60     241,250.60     241,250.60
   INT-PD     1,231.38           .00            .00            .00            .00
   ESC-PD       371.95           .00          66.45          99.49-        698.00-
   ESC-BAL      371.95           .00            .00          66.45-         33.04
   A&H-INS        .00            .00            .00            .00            .00
   LIFE-INS       .00            .00            .00            .00            .00
   LC/FEES        .00  1       74.10-           .00            .00            .00
   MISC-PD        .00            .00            .00            .00            .00
   ADV-BAL      66.45          66.45          66.45            .00            .00
   SUSP           .00            .00            .00            .00            .00
   SC/PAYEE  *                                            RBP            59001

PAGE 008 OF 010    TOTAL TRANS AVAILABLE 0048    OLDEST TRAN 03-04-09 /P
```

EXHIBIT NO. K
10 OF 32

M@120@G96OP.T1                                    Mar 30, 2010 9:32:14 AM

```
   P309 LN ██████████        MORTGAGE LOAN HISTORY                    03-29-10
   NAME SL KLINGER            INV-LN ████████████ DUE 08-01-09 TYPE 11
   BR IL MAN F P-TYPE 1 INT .0612500 FIRST PB     240,246.07  2ND PB        .00
   HUD    .00  NET   1888.00  SF .00000000 SUSP         .00 STOP D B P F N A D L
   REP    .00  RES       .00                                 4 0 0 1 T 0 0 0
       APP           04-16          04-13          04-10          04-03          03-24
       SEG#/DUE      04-09         (03-09)         04-09          05-09          03-09
       TYPE/TRAN     1  52          1  72          3  12          3  10          1  73
       AMOUNT          .00       1,852.55       1,392.19-         99.49-           .00
       PRIN-PD         .00         247.95            .00            .00            .00
       PRIN-BAL   241,250.60   241,250.60     241,498.55     241,498.55     241,498.55
       INT-PD          .00       1,232.65            .00            .00            .00
       ESC-PD          .00         371.95       1,392.19-         99.49-           .00
       ESC-BAL      731.04         731.04         359.09       1,751.28       1,850.77
       A&H-INS         .00            .00            .00            .00            .00
       LIFE-INS        .00            .00            .00            .00            .00
       LC/FEES   1    74.10-          .00            .00            .00   1     148.24
       MISC-PD         .00            .00            .00            .00            .00
       ADV-BAL         .00            .00            .00            .00            .00
       SUSP            .00            .00            .00            .00          148.24-
       SC/PAYEE                 *                 46053          RBP

   PAGE 009 OF 010   TOTAL TRANS AVAILABLE 0048   OLDEST TRAN 03-04-09 /P
```

94

EXHIBIT NO. K
11 OF 32

MQ120QG96OP.T1                                        Mar 30. 2010 9:32:19 AM

```
P309 LN  ████████              MORTGAGE LOAN HISTORY                    03-29-10
NAME SL KLINGER                 INV-LN  ████████████ DUE 08-01-09 TYPE 11
BR IL MAN F P-TYPE 1 INT .0612500 FIRST PB    240,246.07  2ND PB        .00
HUD    .00   NET    1888.00  SF .00000000 SUSP       .00 STOP D B P F N A D L
REP    .00   RES       .00                               4 0 0 1 T 0 0 0
```

| | | | | | |
|---|---|---|---|---|---|
| APP        | 03-23      | 03-16      | 03-04      | 02-17      | 02-04      |
| SEG#/DUE   | (02-09)    | 02-09      | 05-09      | 02-09      | 05-09      |
| TYPE/TRAN  | 1  72      | 1  52      | 3  10      | 1  52      | 3  10      |
| AMOUNT     | 1,996.44   | .00        | 99.49-     | .00        | 99.49-     |
| PRIN-PD    | 246.69     | .00        | .00        | .00        | .00        |
| PRIN-BAL   | 241,498.55 | 241,745.24 | 241,745.24 | 241,745.24 | 241,745.24 |
| INT-PD     | 1,233.91   | .00        | .00        | .00        | .00        |
| ESC-PD     | 367.60     | .00        | 99.49-     | .00        | 99.49-     |
| ESC-BAL    | 1,850.77   | 1,483.17   | 1,483.17   | 1,582.66   | 1,582.66   |
| A&H-INS    | .00        | .00        | .00        | .00        | .00        |
| LIFE-INS   | .00        | .00        | .00        | .00        | .00        |
| LC/FEES    | .00      1 | 74.10-     | .00      1 | 73.93-     | .00        |
| MISC-PD    | .00        | .00        | .00        | .00        | .00        |
| ADV-BAL    | .00        | .00        | .00        | .00        | .00        |
| SUSP       | 148.24     | .00        | .00        | .00        | .00        |
| SC/PAYEE   | *          |            | RBP        |            | RBP        |

```
PAGE 010 OF 015    TOTAL TRANS AVAILABLE 0073    OLDEST TRAN 05-22-08 /P
```

EXHIBIT NO. K
12 OF 32

95

M@120@G96OP.T1                                       Mar 30, 2010 9:33:10 AM

```
P309 LN  ████████              MORTGAGE LOAN HISTORY                    03-29-10
NAME SL KLINGER         INV-LN ████████████ DUE 08-01-09 TYPE 11
BR IL MAN F P-TYPE 1 INT .0612500 FIRST PB    240,246.07  2ND PB        .00
HUD    .00   NET   1888.00  SF .00000000 SUSP        .00 STOP D B P F N A D L
REP    .00   RES       .00                               4 0 0 1 T 0 0 0
    APP           01-29          01-16          01-05        12-19        12-16
    SEG#/DUE      01-09          01-09          05-09        12-08        12-08
    TYPE/TRAN     1  73          1  52          3  10        1  73        1  52
    AMOUNT      1,853.09            .00         99.49-     1,853.09          .00
    PRIN-PD       245.44            .00            .00       244.19          .00
    PRIN-BAL  241,745.24     241,990.68     241,990.68   241,990.68   242,234.87
    INT-PD      1,235.16            .00            .00     1,236.41          .00
    ESC-PD        372.49            .00         99.49-       372.49          .00
    ESC-BAL     1,682.15       1,309.66       1,309.66     1,409.15     1,036.66
    A&H-INS         .00            .00            .00          .00          .00
    LIFE-INS        .00            .00            .00          .00          .00
    LC/FEES         .00  1      74.12-            .00          .00  1      74.12-
    MISC-PD         .00            .00            .00          .00          .00
    ADV-BAL         .00            .00            .00          .00          .00
    SUSP            .00            .00            .00          .00          .00
    SC/PAYEE  *                             RBP          *

PAGE 011 OF 015    TOTAL TRANS AVAILABLE 0073    OLDEST TRAN 05-22-08 /P
```

EXHIBIT NO K
13 OF 32

M0120@G96OP.T1                                    Mar 30, 2010 9:33:13 AM

```
   P309 LN  ████████████        MORTGAGE LOAN HISTORY               03-29-10
   NAME SL KLINGER              INV-LN  ██████████████  DUE 08-01-09 TYPE 11
   BR IL MAN F P-TYPE 1 INT .0612500 FIRST PB    240,246.07 2ND PB       .00
   HUD     .00  NET    1888.00  SF .00000000 SUSP       .00 STOP D B P F N A D L
   REP     .00  RES       .00                               4 0 0 1 T 0 0 0
```

| | | | | | |
|---|---|---|---|---|---|
| APP | 12-04 | 11-11 | 11-04 | 10-16 | 10-03 |
| SEG#/DUE | 05-09 | (11-08) | 05-09 | (10-08) | 05-09 |
| TYPE/TRAN | 3  10 | 1  73 | 3  10 | 1  73 | 3  10 |
| AMOUNT | 99.49- | 1,853.09 | 99.49- | 1,853.09 | 99.49- |
| PRIN-PD | .00 | 242.95 | .00 | 241.72 | .00 |
| PRIN-BAL | 242,234.87 | 242,234.87 | 242,477.82 | 242,477.82 | 242,719.54 |
| INT-PD | .00 | 1,237.65 | .00 | 1,238.88 | .00 |
| ESC-PD | 99.49- | 372.49 | 99.49- | 372.49 | 99.49- |
| ESC-BAL | 1,036.66 | 1,136.15 | 763.66 | 863.15 | 490.66 |
| A&H-INS | .00 | .00 | .00 | .00 | .00 |
| LIFE-INS | .00 | .00 | .00 | .00 | .00 |
| LC/FEES | .00 | .00 | .00 | .00 | .00 |
| MISC-PD | .00 | .00 | .00 | .00 | .00 |
| ADV-BAL | .00 | .00 | .00 | .00 | .00 |
| SUSP | .00 | .00 | .00 | .00 | .00 |
| SC/PAYEE | RBP | * | RBP | * | RBP |

```
   PAGE 012 OF 015    TOTAL TRANS AVAILABLE 0073    OLDEST TRAN 05-22-08 /P
```

EXHIBIT NO. K
14-09 32

```
   P309 LN  ████████            MORTGAGE LOAN HISTORY              03-29-10
NAME SL KLINGER               INV-LN ████████████    DUE 08-01-09 TYPE 11
BR IL MAN F P-TYPE 1 INT .0612500 FIRST PB    240,246.07  2ND PB        .00
HUD    .00  NET    1888.00  SF .00000000 SUSP        .00 STOP D B P F N A D L
REP    .00  RES        .00                                   4 0 0 1 T 0 0 0
```

| | | | | | |
|---|---|---|---|---|---|
| APP | 09-23 | 09-09 | 09-09 | 09-04 | 08-04 |
| SEG#/DUE | 10-08 | 10-08 | 09-08 | 05-09 | 05-09 |
| TYPE/TRAN | 3  12 | 1  75 | 1  73 | 3  10 | 3  10 |
| AMOUNT | 1,319.27- | .91 | 1,853.09 | 99.49- | 99.49- |
| PRIN-PD | .00 | .91 | 240.49 | .00 | .00 |
| PRIN-BAL | 242,719.54 | 242,719.54 | 242,720.45 | 242,960.94 | 242,960.94 |
| INT-PD | .00 | .00 | 1,240.11 | .00 | .00 |
| ESC-PD | 1,319.27- | .00 | 372.49 | 99.49- | 99.49- |
| ESC-BAL | 590.15 | 1,909.42 | 1,909.42 | 1,536.93 | 1,636.42 |
| A&H-INS | .00 | .00 | .00 | .00 | .00 |
| LIFE-INS | .00 | .00 | .00 | .00 | .00 |
| LC/FEES | .00 | .00 | .00 | .00 | .00 |
| MISC-PD | .00 | .00 | .00 | .00 | .00 |
| ADV-BAL | .00 | .00 | .00 | .00 | .00 |
| SUSP | .00 | .00 | .00 | .00 | .00 |
| SC/PAYEE | 46053 | * | * | RBP | RBP |

```
PAGE 013 OF 015    TOTAL TRANS AVAILABLE 0073    OLDEST TRAN 05-22-08 /P
```

```
P309 LN ████████          MORTGAGE LOAN HISTORY              03-29-10
NAME SL KLINGER             INV-LN ████████████ DUE 08-01-09 TYPE 11
BR IL MAN F P-TYPE 1 INT .0612500 FIRST PB    240,246.07  2ND PB      .00
HUD    .00  NET    1888.00  SF .00000000 SUSP       .00 STOP D B P F N A D L
REP    .00  RES       .00                              4 0 0 1 T 0 0 0
APP            08-04        08-04        07-29        07-09        07-03
SEG#/DUE       09-08        08-08        05-09        07-08        05-09
TYPE/TRAN      1  75        1  73        3  10        1  73        3  10
AMOUNT           .91     1,853.09          .01-    1,853.09        99.49-
PRIN-PD          .91       239.26          .00       238.05          .00
PRIN-BAL   242,960.94   242,961.85   243,201.11   243,201.11   243,439.16
INT-PD           .00     1,241.34          .00     1,242.55          .00
ESC-PD           .00       372.49          .01-      372.49        99.49-
ESC-BAL      1,735.91     1,735.91     1,363.42     1,363.43       990.94
A&H-INS          .00          .00          .00          .00          .00
LIFE-INS         .00          .00          .00          .00          .00
LC/FEES          .00          .00          .00          .00          .00
MISC-PD          .00          .00          .00          .00          .00
ADV-BAL          .00          .00          .00          .00          .00
SUSP             .00          .00          .00          .00          .00
SC/PAYEE   *            *            RBP          *            RBP

PAGE 014 OF 015    TOTAL TRANS AVAILABLE 0073    OLDEST TRAN 05-22-08 /P
```

EXHIBIT NO. K
16 OF 32

M@120@G96OP.T1

Mar 30, 2010 9:33:24 AM

```
P309 LN ████████          MORTGAGE LOAN HISTORY              03-29-10
NAME SL KLINGER              INV-LN ██████████ DUE 08-01-09 TYPE 11
BR IL MAN F P-TYPE 1 INT .0612500 FIRST PB   240,246.07  2ND PB      .00
HUD    .00   NET    1888.00  SF .00000000 SUSP      .00 STOP D B P F N A D L
REP    .00   RES        .00                             4 0 0 1 T 0 0 0
   APP            06-04          05-22          05-22
   SEG#/DUE       05-09          07-08          07-08
   TYPE/TRAN      3  10          1  70          1  42
   AMOUNT        99.48-       1,189.91            .00
   PRIN-PD         .00            .00     243,439.16-
   PRIN-BAL  243,439.16     243,439.16     243,439.16
   INT-PD          .00            .00            .00
   ESC-PD        99.48-       1,189.91            .00
   ESC-BAL    1,090.43       1,189.91            .00
   A&H-INS         .00            .00            .00
   LIFE-INS        .00            .00            .00
   LC/FEES         .00            .00            .00
   MISC-PD         .00            .00            .00
   ADV-BAL         .00            .00            .00
   SUSP            .00            .00            .00
   SC/PAYEE     RBP

 PAGE 015 OF 015  **PRESS PF10 FOR 37 MONTHS**   OLDEST TRAN 05-22-08 /P
```

EXHIBIT NO. K
17 OF 32

M0120BG96OP.T1

Mar 30, 2010 9:33:27 AM

WE HEREBY CERTIFY TO...
A TRUE COPY OF THE ORIGI...

AUTHORIZED SIGNATURE

MIN: ▓▓▓▓▓▓▓▓▓                                      Loan Number: ▓▓▓▓▓▓

## NOTE

FHA CASE NO.
▓▓▓▓▓▓▓▓

APRIL 28, 2008
[Date]

8503 163RD STREET COURT EAST, PUYALLUP, WASHINGTON 98375
[Property Address]

**1.   PARTIES**

"Borrower" means each person signing at the end of this Note, and the person's successors and assigns. "Lender" means
PIERCE COMMERCIAL BANK, A WASHINGTON CORPORATION
and its successors and assigns.

**2.   BORROWER'S PROMISE TO PAY; INTEREST**

In return for a loan received from Lender, Borrower promises to pay the principal sum of TWO HUNDRED
FORTY-THREE THOUSAND SIX HUNDRED SEVENTY-SIX AND 00/100
Dollars (U.S. $ 243,676.00      ), plus interest, to the order of Lender. Interest will be charged on unpaid principal,
from the date of disbursement of the loan proceeds by Lender, at the rate of SIX AND 125/1000
percent (      6.125 %)
per year until the full amount of principal has been paid.

**3.   PROMISE TO PAY SECURED**

Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same
date as this Note and called the "Security Instrument." The Security Instrument protects the Lender from losses which might
result if Borrower defaults under this Note.

**4.   MANNER OF PAYMENT**

   **(A) Time**
   Borrower shall make a payment of principal and interest to Lender on the first day of each month beginning on
   JUNE                    ,2008    . Any principal and interest remaining on the first day of
   MAY                     ,2038    , will be due on that date, which is called the "Maturity
Date."

   **(B) Place**
   Payment shall be made at  PO BOX 110488, TACOMA, WASHINGTON 98411

                                   or at such other place as Lender may designate in writing by notice to Borrower.

   **(C) Amount**
   Each monthly payment of principal and interest will be in the amount of U.S. $ 1,480.60        . This amount
will be part of a larger monthly payment required by the Security Instrument, that shall be applied to principal, interest and
other items in the order described in the Security Instrument.

   **(D) Allonge to this Note for Payment Adjustments**
   If an allonge providing for payment adjustments is executed by Borrower together with this Note, the covenants of the
allonge shall be incorporated into and shall amend and supplement the covenants of this Note as if the allonge were a part
of this Note. (Check applicable box.)

   ☐ Growing Equity Allonge              ☐ Graduated Payment Allonge

   ☐ Other [specify]

**5.   BORROWER'S RIGHT TO PREPAY**

Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty, on the
first day of any month. Lender shall accept prepayment on other days provided that Borrower pays interest on the amount
prepaid for the remainder of the month to the extent required by Lender and permitted by regulations of the Secretary. If
Borrower makes a partial prepayment, there will be no changes in the due date or in the amount of the monthly payment
unless Lender agrees in writing to those changes.

WASHINGTON-FHA  FIXED RATE NOTE (6/96)
Form      ▓▓▓▓ ▓▓▓-▓▓▓▓                    Page 1 of 2

EXHIBIT K
18 OF 32

**6.  BORROWER'S FAILURE TO PAY**

**(A)  Late Charge for Overdue Payments**

If Lender has not received the full monthly payment required by the Security Instrument, as described in Paragraph 4(C) of this Note, by the end of fifteen calendar days after the payment is due, Lender may collect a late charge in the amount of FOUR AND 000/1000                                                                                     percent
(        4.000  %) of the overdue amount of each payment.

**(B)  Default**

If Borrower defaults by failing to pay in full any monthly payment, then Lender may, except as limited by regulations of the Secretary in the case of payment defaults, require immediate payment in full of the principal balance remaining due and all accrued interest. Lender may choose not to exercise this option without waiving its rights in the event of any subsequent default. In many circumstances regulations issued by the Secretary will limit Lender's rights to require immediate payment in full in the case of payment defaults. This Note does not authorize acceleration when not permitted by HUD regulations. As used in this Note, "Secretary" means the Secretary of Housing and Urban Development or his or her designee.

**(C)  Payment of Costs and Expenses**

If Lender has required immediate payment in full, as described above, Lender may require Borrower to pay costs and expenses including reasonable and customary attorneys' fees for enforcing this Note to the extent not prohibited by applicable law. Such fees and costs shall bear interest from the date of disbursement at the same rate as the principal of this Note.

**7.  WAIVERS**

Borrower and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require Lender to demand payment of amounts due. "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

**8.  GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to Borrower under this Note will be given by delivering it or by mailing it by first class mail to Borrower at the property address above or at a different address if Borrower has given Lender a notice of Borrower's different address.

Any notice that must be given to Lender under this Note will be given by first class mail to Lender at the address stated in Paragraph 4(B) or at a different address if Borrower is given a notice of that different address.

**9.  OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. Lender may enforce its rights under this Note against each person individually or against all signatories together. Any one person signing this Note may be required to pay all of the amounts owed under this Note.

ORAL AGREEMENTS OR ORAL COMMITMENTS TO LOAN MONEY, EXTEND CREDIT, OR TO FORBEAR FROM ENFORCING REPAYMENT OF A DEBT ARE NOT ENFORCEABLE UNDER WASHINGTON LAW.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in pages 1 through 2 of this Note.

_____(Seal)        _____(Seal)
STEVEN L. KLINGER, JR       Borrower        SHEILA J. KLINGER        Borrower

_____(Seal)        _____(Seal)
                            Borrower                                    Borrower

_____(Seal)        _____(Seal)
                            Borrower                                    Borrower

PAY TO THE ORDER OF
WELLS FARGO BANK, N.A.

WITHOUT RECOURSE BY:

PIERCE COMMERCIAL BANK

_____
SONJA L. LIGHTFOOT/SENIOR VICE PRESIDENT

EXHIBIT NO. K
19 OF 32

**ATTORNEYS TITLE**

PUI-20535-R



2008004301157     13  PGS
04/30/2008 3:48pm $54.00
PIERCE COUNTY, WASHINGTON

After Recording Return To:
PIERCE COMMERCIAL BANK
PO BOX 110488
TACOMA, WASHINGTON 98411
Loan Number: ▮▮▮▮▮▮▮

——————— [Space Above This Line For Recording Data] ———————

# DEED OF TRUST

| FHA CASE NO. |
| --- |
| ▮▮▮▮▮▮▮▮ |

**MIN: 1003314-0000801788-1**

Grantor(s) (Last name first, then first name and initials):
1. KLINGER, JR, STEVEN L.
2. KLINGER, SHEILA J.
3.
4.
5.
6.
☐ Additional names on page          of document.

Grantee(s) (Last name first, then first name and initials):
1. MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., (MERS)
2. LAWYERS TITLE AND ESCROW
3.
4.
5.
6.
☐ Additional names on page          of document.

Legal Description (abbreviated: i.e., lot, block, plat or section, township, range):
LOT 12 UPLAND MEADOWS

Full legal description on page _12_    of document.
Assessor's Property Tax Parcel(s) or Account Number(s): 9181008120  See
Reference Number(s) Assigned or Released:
☐ Additional references on page          of document.

FHA WASHINGTON DEED OF TRUST - MERS
6/96                          Page 1 of 11                   DocMagic eForms 800-649-1362
                                                             www.docmagic.com

103                                                          EXHIBIT NO. K
                                                            20 OF 32

THIS DEED OF TRUST ("Security Instrument") is made on  APRIL 28, 2008   .
The grantor is  STEVEN L. KLINGER, JR AND SHEILA J. KLINGER,
HUSBAND AND WIFE

("Borrower").

The trustee is  LAWYERS TITLE AND ESCROW

("Trustee").

The beneficiary is Mortgage Electronic Registration Systems, Inc. ("MERS") (solely as nominee for Lender,
as hereinafter defined, and Lender's successors and assigns). MERS is organized and existing under the laws
of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888)
679-MERS.
PIERCE COMMERCIAL BANK, A WASHINGTON CORPORATION

("Lender")

is organized and existing under the laws of  WASHINGTON
and has an address of  PO BOX 110488, TACOMA, WASHINGTON 98411

Borrower owes Lender the principal sum of  TWO HUNDRED FORTY-THREE THOUSAND SIX
HUNDRED SEVENTY-SIX AND 00/100           Dollars (U.S. $ 243,676.00          ).
This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which
provides for monthly payments, with the full debt, if not paid earlier, due and payable on
MAY 1, 2038                   . This Security Instrument secures to Lender: (a) the repayment of
the debt evidenced by the Note, with interest, and all renewals, extensions and modifications of the Note;
(b) the payment of all other sums, with interest, advanced under paragraph 7 to protect the security of this
Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security
Instrument and the Note.  For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust,
with power of sale, the following described property located in                        PIERCE
County, Washington:
SEE LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF AS EXHIBIT "A".
A.P.N.: 9181009120

which has the address of 8503 163RD STREET COURT EAST
                                                [Street]
PUYALLUP                          , Washington      98375        ("Property Address"):
           [City]                                   [Zip Code]

DocMagic *Forms* 800-649-1362
www.docmagic.com

104

EXHIBIT NO. K
21 OF 32

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument; but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing or canceling this Security Instrument.

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

**UNIFORM COVENANTS.** Borrower and Lender covenant and agree as follows:

1. **Payment of Principal, Interest and Late Charge.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and late charges due under the Note.

2. **Monthly Payment of Taxes, Insurance, and Other Charges.** Borrower shall include in each monthly payment, together with the principal and interest as set forth in the Note and any late charges, a sum for (a) taxes and special assessments levied or to be levied against the Property, (b) leasehold payments or ground rents on the Property, and (c) premiums for insurance required under paragraph 4. In any year in which the Lender must pay a mortgage insurance premium to the Secretary of Housing and Urban Development ("Secretary"), or in any year in which such premium would have been required if Lender still held the Security Instrument, each monthly payment shall also include either: (i) a sum for the annual mortgage insurance premium to be paid by Lender to the Secretary, or (ii) a monthly charge instead of a mortgage insurance premium if this Security Instrument is held by the Secretary, in a reasonable amount to be determined by the Secretary. Except for the monthly charge by the Secretary, these items are called "Escrow Items" and the sums paid to Lender are called "Escrow Funds."

Lender may, at any time, collect and hold amounts for Escrow Items in an aggregate amount not to exceed the maximum amount that may be required for Borrower's escrow account under the Real Estate Settlement Procedures Act of 1974, 12 U.S.C. § 2601 et seq. and implementing regulations, 24 CFR Part 3500, as they may be amended from time to time ("RESPA"), except that the cushion or reserve permitted by RESPA for unanticipated disbursements or disbursements before the Borrower's payments are available in the account may not be based on amounts due for the mortgage insurance premium.

If the amounts held by Lender for Escrow Items exceed the amounts permitted to be held by RESPA, Lender shall account to Borrower for the excess funds as required by RESPA. If the amounts of funds held by Lender at any time are not sufficient to pay the Escrow Items when due, Lender may notify the Borrower and require Borrower to make up the shortage as permitted by RESPA.

The Escrow Funds are pledged as additional security for all sums secured by this Security Instrument. If Borrower tenders to Lender the full payment of all such sums, Borrower's account shall be credited with the balance remaining for all installment items (a), (b), and (c) and any mortgage insurance premium installment that Lender has not become obligated to pay to the Secretary, and Lender shall promptly refund

---

Page 3 of 11
DocMagic *EFerms* 800-849-1362
www.docmagic.com

EXHIBIT NO. K
22 OF 32


any excess funds to Borrower. Immediately prior to a foreclosure sale of the Property or its acquisition by Lender, Borrower's account shall be credited with any balance remaining for all installments for items (a), (b), and (c).

3. **Application of Payments.** All payments under paragraphs 1 and 2 shall be applied by Lender as follows:

FIRST, to the mortgage insurance premium to be paid by Lender to the Secretary or to the monthly charge by the Secretary instead of the monthly mortgage insurance premium;

SECOND, to any taxes, special assessments, leasehold payments or ground rents, and fire, flood and other hazard insurance premiums, as required;

to interest due under the Note;

H, to amortization of the principal of the Note; and

FIFTH, to late charges due under the Note.

4. **Fire, Flood and Other Hazard Insurance.** Borrower shall insure all improvements on the Property, whether now in existence or subsequently erected, against any hazards, casualties, and contingencies, including fire, for which Lender requires insurance. This insurance shall be maintained in the amounts and for the periods that Lender requires. Borrower shall also insure all improvements on the Property, whether now in existence or subsequently erected, against loss by floods to the extent required by the Secretary. All insurance shall be carried with companies approved by Lender. The insurance policies and any renewals shall be held by Lender and shall include loss payable clauses in favor of, and in a form acceptable to, Lender.

In the event of loss, Borrower shall give Lender immediate notice by mail. Lender may make proof of loss if not made promptly by Borrower. Each insurance company concerned is hereby authorized and directed to make payment for such loss directly to Lender, instead of to Borrower and to Lender jointly. All or any part of the insurance proceeds may be applied by Lender, at its option, either (a) to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order in paragraph 3, and then to prepayment of principal, or (b) to the restoration or repair of the damaged Property. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments which are referred to in paragraph 2, or change the amount of such payments. Any excess insurance proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

In the event of foreclosure of this Security Instrument or other transfer of title to the Property that extinguishes the indebtedness, all right, title and interest of Borrower in and to insurance policies in force shall pass to the purchaser.

5. **Occupancy, Preservation, Maintenance and Protection of the Property; Borrower's Loan Application; Leaseholds.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within sixty days after the execution of this Security Instrument (or within sixty days of a later sale or transfer of the Property) and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless the Lender determines that requirement will cause undue hardship for Borrower, or unless extenuating circumstances exist which are beyond Borrower's control. Borrower shall notify Lender of any extenuating circumstances. Borrower shall not commit waste or destroy, damage or substantially change the Property or allow the Property to deteriorate, reasonable wear and tear excepted. Lender may inspect the Property if the Property is vacant or abandoned or the loan is in default. Lender may take reasonable action to protect and preserve such vacant or abandoned Property. Borrower shall also be in default if Borrower, during the loan application process, gave materially false or inaccurate


EXHIBIT NO. K
23 OF 32

# Exhibit "A"

1. COVENANTS, CONDITIONS AND RESTRICTIONS IMPOSED BY INSTRUMENT RECORDED ON JUNE 4, 1981, UNDER RECORDING NO. 8106040161.

2. ALL COVENANTS, CONDITIONS, RESTRICTIONS, RESERVATIONS, EASEMENTS OR OTHER SERVITUDES, IF ANY, DISCLOSED BY THE RECORDED PLAT OF UPLAND MEADOWS.

EXHIBIT NO. K
24 OF 32

information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Note, including, but not limited to, representations concerning Borrower's occupancy of the Property as a principal residence. If this Security Instrument is on a leasehold, Borrower shall comply with the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and fee title shall not be merged unless Lender agrees to the merger in writing.

6. **Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in place of condemnation, are hereby assigned and shall be paid to Lender to the extent of the full amount of the indebtedness that remains unpaid under the Note and this Security Instrument. Lender shall apply such proceeds to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order provided in paragraph 3, and then to prepayment of principal. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments, which are referred to in paragraph 2, or change the amount of such payments. Any excess proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

7. **Charges to Borrower and Protection of Lender's Rights in the Property.** Borrower shall pay all governmental or municipal charges, fines and impositions that are not included in paragraph 2. Borrower shall pay these obligations on time directly to the entity which is owed the payment. If failure to pay would adversely affect Lender's interest in the Property, upon Lender's request Borrower shall promptly furnish to Lender receipts evidencing these payments.

If Borrower fails to make these payments or the payments required by paragraph 2, or fails to perform any other covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, for condemnation or to enforce laws or regulations), then Lender may do and pay whatever is necessary to protect the value of the Property and Lender's rights in the Property, including payment of taxes, hazard insurance and other items mentioned in paragraph 2.

Any amounts disbursed by Lender under this paragraph shall become an additional debt of Borrower and be secured by this Security Instrument. These amounts shall bear interest from the date of disbursement at the Note rate, and at the option of Lender shall be immediately due and payable.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Borrower shall satisfy the lien or take one or more of the actions set forth above within 10 days of the giving of notice.

8. **Fees.** Lender may collect fees and charges authorized by the Secretary.

9. **Grounds for Acceleration of Debt.**

(a) **Default.** Lender may, except as limited by regulations issued by the Secretary in the case of payment defaults, require immediate payment in full of all sums secured by this Security Instrument if:

(i) Borrower defaults by failing to pay in full any monthly payment required by this Security Instrument prior to or on the due date of the next monthly payment, or

---



(ii) Borrower defaults by failing, for a period of thirty days, to perform any other obligations contained in this Security Instrument.

**(b) Sale Without Credit Approval.** Lender shall, if permitted by applicable law (including section 341(d) of the Garn-St. Germain Depository Institutions Act of 1982, 12 U.S.C. 1701j - 3(d)) and with the prior approval of the Secretary, require immediate payment in full of all sums secured by this Security Instrument if:

(i) All or part of the Property, or a beneficial interest in a trust owning all or part of the Property, is sold or otherwise transferred (other than by devise or descent), and

(ii) The Property is not occupied by the purchaser or grantee as his or her principal residence, or the purchaser or grantee does so occupy the Property, but his or her credit has not been approved in accordance with the requirements of the Secretary.

**(c) No Waiver.** If circumstances occur that would permit Lender to require immediate payment in full, but Lender does not require such payments, Lender does not waive its rights with respect to subsequent events.

**(d) Regulations of HUD Secretary.** In many circumstances regulations issued by the Secretary will limit Lender's rights, in the case of payment defaults, to require immediate payment in full and foreclose if not paid. This Security Instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary.

**(e) Mortgage Not Insured.** Borrower agrees that if this Security Instrument and the Note are not determined to be eligible for insurance under the National Housing Act within   60 DAYS from the date hereof, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. A written statement of any authorized agent of the Secretary dated subsequent to   60 DAYS   from the date hereof, declining to insure this Security Instrument and the Note, shall be deemed conclusive proof of such ineligibility. Notwithstanding the foregoing, this option may not be exercised by Lender when the unavailability of insurance is solely due to Lender's failure to remit a mortgage insurance premium to the Secretary.

**10. Reinstatement.** Borrower has a right to be reinstated if Lender has required immediate payment in full because of Borrower's failure to pay an amount due under the Note or this Security Instrument. This right applies even after foreclosure proceedings are instituted.   To reinstate the Security Instrument, Borrower shall tender in a lump sum all amounts required to bring Borrower's account current including, to the extent they are obligations of Borrower under this Security Instrument, foreclosure costs and reasonable and customary attorneys' fees and expenses properly associated with the foreclosure proceeding. Upon reinstatement by Borrower, this Security Instrument and the obligations that it secures shall remain in effect as if Lender had not required immediate payment in full. However, Lender is not required to permit reinstatement if: (i) Lender has accepted reinstatement after the commencement of foreclosure proceedings within two years immediately preceding the commencement of a current foreclosure proceeding, (ii) reinstatement will preclude foreclosure on different grounds in the future, or (iii) reinstatement will adversely affect the priority of the lien created by this Security Instrument.

**11. Borrower Not Released; Forbearance by Lender Not a Waiver.** Extension of the time of payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successors in interest.   Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums

109

EXHIBIT NO. K
26 OF 32


secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

**12. Successors and Assigns Bound; Joint and Several Liability; Co-Signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of paragraph 9(b). Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without that Borrower's consent.

**13. Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

**14. Governing Law; Severability.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

**15. Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

**16. Hazardous Substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property.

Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any Hazardous Substances affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law.

As used in this paragraph 16, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph 16, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection.

110


EXHIBIT NO. K
27 OF 32

**NON-UNIFORM COVENANTS.** Borrower and Lender further covenant and agree as follows:

17. **Assignment of Rents.** Borrower unconditionally assigns and transfers to Lender all the rents and revenues of the Property. Borrower authorizes Lender or Lender's agents to collect the rents and revenues and hereby directs each tenant of the Property to pay the rents to Lender or Lender's agents. However, prior to Lender's notice to Borrower of Borrower's breach of any covenant or agreement in the Security Instrument, Borrower shall collect and receive all rents and revenues of the Property as trustee for the benefit of Lender and Borrower. This assignment of rents constitutes an absolute assignment and not an assignment for additional security only.

If Lender gives notice of breach to Borrower: (a) all rents received by Borrower shall be held by Borrower as trustee for benefit of Lender only, to be applied to the sums secured by the Security Instrument; (b) Lender shall be entitled to collect and receive all of the rents of the Property; and (c) each tenant of the Property shall pay all rents due and unpaid to Lender or Lender's agent on Lender's written demand to the tenant.

Borrower has not executed any prior assignment of the rents and has not and will not perform any act that would prevent Lender from exercising its rights under this paragraph 17.

Lender shall not be required to enter upon, take control of or maintain the Property before or after giving notice of breach to Borrower. However, Lender or a judicially appointed receiver may do so at any time there is a breach. Any application of rents shall not cure or waive any default or invalidate any other right or remedy of Lender. This assignment of rents of the Property shall terminate when the debt secured by the Security Instrument is paid in full.

18. **Foreclosure Procedure.** If Lender requires immediate payment in full under paragraph 9, Lender may invoke the power of sale and any other remedies permitted by applicable law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this paragraph 18, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the power of sale, Lender shall give written notice to Trustee of the occurrence of an event of default and of Lender's election to cause the Property to be sold. Trustee shall take such action regarding notice of sale and shall give such notices to Borrower and to other persons as applicable law may require. After the time required by applicable law and after publication of the notice of sale, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in any order Trustee determines. Trustee may postpone sale of the Property for a period or periods permitted by applicable law by public announcement at the time and place fixed in the notice of sale. Lender or its designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying the Property without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it or to the county clerk of the superior court of the county in which the sale took place.

If the Lender's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under paragraph 9, the Secretary may invoke the nonjudicial power of sale provided in the Single Family Mortgage Foreclosure Act of 1994 ("Act") (12 U.S.C. 3751 et seq.) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the

EXHIBIT NO. K
28 OF 52

Property as provided in the Act. Nothing in the preceding sentence shall deprive the Secretary of any rights otherwise available to a Lender under this paragraph 18 or applicable law.

**19. Reconveyance.** Upon payment of all sums secured by this Security Instrument, Lender shall request Trustee to reconvey the Property and shall surrender this Security Instrument and all notes evidencing debt secured by this Security Instrument to Trustee. Trustee shall reconvey the Property without warranty to the person or persons legally entitled to it. Such person or persons shall pay any recordation costs. Lender may charge such person or persons a fee for reconveying the Property, but only if the fee is paid to a third party (such as the Trustee) for services rendered and the charging of the fee is permitted under applicable law.

**20. Substitute Trustee.** In accordance with applicable law, Lender may from time to time appoint a successor trustee to any Trustee appointed hereunder who has ceased to act. Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon Trustee herein and by applicable law.

**21. Use of Property.** The Property is not used principally for agricultural or farming purposes.

**22. Riders to this Security Instrument.** If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were a part of this Security Instrument.

[Check applicable box(es)].

☐ Condominium Rider ☐ Graduated Payment Rider ☐ Growing Equity Rider

☐ Planned Unit Development Rider ☐ Adjustable Rate Rider ☐ Rehabilitation Loan Rider

☐ Non-Owner Occupancy Rider ☐ Other [Specify]

EXHIBIT NO. K
29 OF 32

ORAL AGREEMENTS OR ORAL COMMITMENTS TO LOAN MONEY, EXTEND CREDIT, OR TO FORBEAR FROM ENFORCING REPAYMENT OF A DEBT ARE NOT ENFORCEABLE UNDER WASHINGTON LAW.

BY SIGNING BELOW, Borrower accepts and agrees to the terms contained in pages 1 through 11 of this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

_____ (Seal)
STEVEN L. KLINGER, JR -Borrower

_____ (Seal)
SHEILA U KLINGER -Borrower

_____ (Seal)
-Borrower

_____ (Seal)
-Borrower

_____ (Seal)
-Borrower

_____ (Seal)
-Borrower

Witness:

_____

Witness:

_____

EXHIBIT NO. K
30 OF 32

STATE OF WASHINGTON,          PIERCE                    County ss: *Pierce*

On this day personally appeared before me  STEVEN L. KLINGER, JR AND SHEILA J. KLINGER

, to me known to be the individual(s) described in and who executed the within and foregoing instrument, and acknowledged that he (she or they) signed the same as his (her or their) free and voluntary act and deed, for the uses and purposes therein mentioned.

Given under my hand and official seal this  *30th*  day of *April 2008*.

Notary Public in and for the State of Washington residing at:

*Federal Way*

My Commission expires: *10-15-08*

JULIE MILLS
NOTARY PUBLIC
STATE OF WASHINGTON
COMMISSION EXPIRES
OCTOBER 15, 2008


## REQUEST FOR RECONVEYANCE

To Trustee:

The undersigned is the holder of the note or notes secured by this Deed of Trust.  Said note or notes, together with all other indebtedness secured by this Deed of Trust, have been paid in full.  You are hereby directed to cancel said note or notes and this Deed of Trust, which are delivered hereby, and to reconvey, without warranty, all the estate now held by you under this Deed of Trust to the person or persons legally entitled thereto.


Date: _____                _____


FHA WASHINGTON DEED OF TRUST - MERS
6/96                              Page 11 of 11           *DocMagic* @*Forms* 800-649-1362
                                                          www.docmagic.com

114

K
31 OF 32

Loan Number: ████████

Date: APRIL 28, 2008

Property Address:  8503 163RD STREET COURT EAST, PUYALLUP, WASHINGTON
98375

## EXHIBIT "A"

## LEGAL DESCRIPTION

LOT 12, UPLAND MEADOWS, ACCORDING TO THE PLAT RECORDED IN VOLUME 60 OF
PLATS AT PAGE(S) 50 AND 51, RECORDS OF PIERCE COUNTY, WASHINGTON.

SITUATE IN THE COUNTY OF PIERCE, STATE OF WASHINGTON.

A.P.N. # : 9181009120

DocMagic *Electronics* 800-649-1362
www.docmagic.com

EXHIBIT NO. K
32 OF 32

115