UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STEVEN L. KLINGER, JR. and SHEILA J. KLINGER, <br><br> Plaintiffs, <br> v. <br><br> WELLS FARGO BANK, NA and NORTHWEST TRUSTEE SERVICES, INC., <br><br> Defendants. | No. C10-5546RJB <br><br> ORDER |

This matter comes before the Court on Defendant Northwest Trustee Services, Inc. motion to dismiss. Dkt. 13. The Court has reviewed the relevant record herein.

On September 9, 2010, Defendant Northwest Trustee Services, Inc. filed a motion to dismiss, which was noted for consideration on October 8, 2010. Dkt. 13. In its pleading and associated exhibits, Defendant Northwest Trustee Services, Inc. provided documents outside the pleadings. Dkt. 13-1 to 13-15. Those documents are relevant to the issues before the court.

A motion to dismiss made under Federal Rule of Civil Procedure 12(b)(6) must be treated as a motion for summary judgment under Federal Rule of Civil Procedure 56 if either party to the motion to dismiss submits materials outside the pleadings in support or opposition to the

ORDER - 1

motion, and if the district court relies on those materials. Fed.R.Civ.P. 12(b)(6); *Jackson v. Southern California Gas Co*., 881 F.2d 638, 643 n. 4 (9th Cir.1989) ("The proper inquiry is whether the court relied on the extraneous matter."). Failure to treat the motion as one for summary judgment would constitute reversible error. See *Bonilla v. Oakland Scavenger Co*., 697 F.2d 1297, 1301 (9th Cir. 1982); *Costen v. Pauline's Sportswear, Inc.,* 391 F.2d 81, 84-85 (9th Cir. 1968). A party that has been notified that the Court is considering material beyond the pleadings has received effective notice of the conversion to summary judgment. *See Grove v. Mead Sch. Dist. No. 354*, 753 F.2d 1528, 1533 (9th Cir. 1985), *cert. denied*, 474 U.S. 826 (1985); *Townsend v. Columbia Operations*, 667 F.2d 844, 849 (9th Cir. 1982). Defendant Northwest Trustee Services, Inc.'s Motion to Dismiss should be converted to a motion for summary judgment under Fed.R.Civ.P. 56.

Plaintiffs are notified that Defendant Northwest Trustee Services, Inc. has filed a motion for summary judgment. If one of the parties files a motion for summary judgment pursuant to Fed. R. Civ. P. 56, the opposing party must respond, by affidavits or as otherwise provided in Rule 56, and must set forth specific facts showing that there is a genuine issue for trial. In the event Defendant files a motion for summary judgment by which it seeks to have their claims dismissed, Plaintiffs are notified that summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end their claims against Defendant Northwest Trustee Services, Inc..

Rule 56 tells Plaintiffs what they must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact. Thus, if there is no real dispute about any fact that would affect the result of Plaintiffs' claims against Defendant Northwest Trustee Services, Inc., Defendant Northwest

ORDER - 2

Trustee Services, Inc. is entitled to judgment as a matter of law, which will end Plaintiffs' claims against Defendant Northwest Trustee Services, Inc.  When a party Plaintiffs are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), Plaintiffs cannot simply rely on what their complaint says.  Instead, Plaintiffs must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in Defendant Northwest Trustee Services, Inc.'s declarations and documents and show that there is a genuine issue of material fact for trial.  If Plaintiffs do not submit their own evidence in opposition, summary judgment, if appropriate, may be entered against them.  If summary judgment is granted, Plaintiffs' claims against Defendant Northwest Trustee Services, Inc. will be dismissed. *See Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

Therefore it is hereby **ORDERED** that Defendant Northwest Trustee Services, Inc.'s motion to dismiss (Dkt. 13) shall be **CONSIDERED** a motion for summary judgment.  Defendant Northwest Trustee Services, Inc.'s motion for summary judgment (Dkt. 13) is **NOTED** for consideration on October 8, 2010.  Plaintiffs may file any responses to the motion, including declarations, depositions, answers to interrogatories, or authenticated documents, not later than October 4, 2010.  Defendant Northwest Trustee Services, Inc. may file a reply not later than October 8, 2010.  If Plaintiffs do not file a response providing the appropriate documentation as described above, judgment may be granted in Defendant Northwest Trustee Services, Inc.'s favor.  If judgment is granted in Defendant Northwest Trustee Services, Inc.'s favor, the claims against it will be dismissed.

ORDER - 3

1  The Clerk is directed to send uncertified copies of this Order to all counsel of record and
2  to any party appearing pro se at said party's last known address.
3  DATED THIS 10th day of September 2010.

*/s/ Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge

ORDER - 4