UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STEVEN L. KLINGER, JR. and<br>SHEILA J. KLINGER,<br><br>                    Plaintiffs,<br>   v.<br><br>WELLS FARGO BANK, NA and<br>NORTHWEST TRUSTEE SERVICES,<br>INC.,<br><br>                    Defendants. | No. C10-5546RJB<br><br>ORDER DENYING PETITION FOR NO ANSWER DEFAULT |

This matter comes before the Court on Plaintiffs' motion for entry of default. Dkt. 17. The Court has reviewed motion and the relevant record herein.

**PROCEDURAL AND FACTUAL BACKGROUND**

On August 5, 2010, Plaintiffs filed a Motion for Leave to Proceed *in forma pauperis*. Dkt. 1. Plaintiffs state that on August 5, 2010 they also served Defendant Wells Fargo Bank, NA "with a summons and a copy of Plaintiff's complaint through U.S. Mail." Dkt. 17. On August 11, 2010, the Court issued an order denying Plaintiffs' *in forma pauperis* status and directing Plaintiffs to pay the $350 filing fee or risk dismissal of their case. Dkt. 2. On August 16, 2010, the Court clerk received from Plaintiffs a filing fee of $350, at which time Plaintiffs' complaint against Defendants Northwest Trustee Services, Inc. and Wells Fargo Bank, NA was filed. Dkt.

ORDER - 1

5. On review of the file, it is apparent that no summons was issued for either Defendant in this case. *See* Dkts. 1, 5.

On September 20, 2010, Plaintiffs filed a motion requesting the entry of default against Defendant Wells Fargo Bank, NA. Dkt. 17. Plaintiffs claim that entry of default is appropriate pursuant to Federal Rule of Civil Procedure 55(a) because Defendant Wells Fargo Bank, NA has failed to file a pleading or otherwise defend in response to Plaintiffs' apparent August 5, 2010 service. *Id.* Plaintiffs' argue that because Defendant Wells Fargo Bank, NA has not served on Plaintiffs an answer "within 20 days after 08/09/2010, the date of service," entry of default is proper. *Id.*

In support of their motion for entry of default, Plaintiffs present a "Return of Service" form indicating that on August 5, 2010 Plaintiffs mailed to Defendant Wells Fargo Bank, NA copies of Plaintiffs' complaint and other affidavits and memoranda filed with the Court. Dkt. 17-2. Not included in the list of items mailed to Defendant Wells Fargo Bank, NA is a summons issued by the Court clerk. *Id.*

## **DISCUSSION**

All cases involving civil claims brought before this Court are governed by the Federal Rules of Civil Procedure. FED.R.CIV.P. 1. Among these Rules, entry of default against a party is governed by Rule 55(a). That rule provides that "[w]hen a party against whom a judgment or affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." FED.R.CIV.P. 55(a).

The timeline provided for a party to "plead or otherwise defend" in response to a Plaintiff's complaint is found in Rule 12. There, Rule 12(a)(1)(A) provides that a Defendant must serve an answer within 21 days after being served with both a summons and a complaint.

ORDER - 2

FED.R.CIV.P. 12(a)(1)(A).  Furthermore, Rule 4(c)(1) provides that "a summons must be served with a copy of the complaint" and that "the plaintiff is responsible for having the summons and complaint served within the time allowed…and must furnish the necessary copies to the person who makes service."  FED.R.CIV.P. 4(c)(1).

In this case, it is apparent from the record that no summons was issued for Defendant Wells Fargo Bank, NA.  Furthermore, Plaintiffs have shown no evidence in their motion or supporting affidavit that would suggest that Plaintiffs served Defendant Wells Fargo Bank, NA with both a copy of their complaint and a summons as required by Rule 4.  Because Plaintiffs have not shown Defendant Wells Fargo Bank, NA has failed to plead or otherwise respond to a properly served complaint and summons, entry of default against Defendant Wells Fargo Bank, NA is not proper at this time.  Accordingly, Plaintiffs motion for entry of default should be denied without prejudice.

Therefore it is hereby **ORDERED** that

(1) Plaintiffs' motion for entry of default (Dkt. 17) is **DENIED WITHOUT PREJUDICE**.

(2) The Clerk is directed to issue a summons to Plaintiff for Defendant Wells Fargo Bank, NA.

(3) Plaintiffs are reminded to ensure that all future service against Defendants must comply with Rule 4 of the Federal Rules of Civil Procedure, including the requirement to properly serve Defendants within 120 days of the filing of their complaint or risk dismissal of their case.

ORDER - 3

1  The Clerk is directed to send uncertified copies of this Order to all counsel of record and
2  to any party appearing pro se at said party's last known address.
3  DATED THIS 23rd day of September, 2010.

_____
ROBERT J. BRYAN
United States District Judge

ORDER - 4