The Honorable Robert J. Bryan

**UNITED STATES DISTRICT COURT WESTERN DISTRICT OF WASHINGTON AT TACOMA**

STEVEN L. KLINGER, JR., and SHEILA J. KLINGER,

                Plaintiffs,

v.

WELLS FARGO BANK, N.A.; NORTHWEST TRUSTEE SERVICES, INC.,

                Defendants.

No. 3:10-cv-05546-RJB

**DEFENDANT WELLS FARGO BANK, N.A.'S MOTION FOR SUMMARY JUDGMENT**

**NOTE ON MOTION CALENDAR: November 5, 2010**

### I.    INTRODUCTION & RELIEF REQUESTED

COMES NOW Defendant Wells Fargo Bank, N.A. ("Wells Fargo") for an order granting Summary Judgment in favor of Wells Fargo. This motion is made pursuant to Fed. R. Civ. P. 56 on the grounds that no genuine issue of material fact exists as to Steven Klinger and Sheila Klinger's ("Plaintiffs") causes of action against Defendant Wells Fargo and Wells Fargo is entitled to judgment as a matter of law.

Plaintiffs' Complaint asserts various claims with regard to the contract and purchase of Plaintiffs' primary residence. Wells Fargo is the assignee of the Deed of Trust and the current holder of the underlying note. As such, Wells Fargo was not a party to the original contract and had no part in the origination of Plaintiffs' loan.

DEFENDANT WELLS FARGO'S MOTION
FOR SUMMARY JUDGMENT –
PAGE 1 of 13
CASE NO. 3:10-cv-05546-RJB

ROUTH CRABTREE OLSEN, P.S.
13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

Much of Plaintiffs' Complaint is devoted to a generalized explanation of the financial system and explaining a number of conspiracy theories relating to the lending and mortgage industry. However, nearly all of the allegations are made generally as to "Defendants" or "Lender" and does not specifically allege any conduct by Wells Fargo. Furthermore, Plaintiffs cite little to no facts that relate the Complaint to Plaintiffs aside from identifying the property address.

Additionally, Plaintiffs' Complaint appears to be a form complaint available for purchase or download on the Internet. Defendant's counsel's office is in receipt of the identical complaint filed in other jurisdictions. Declaration of Heidi E. Buck, ¶ 2.

## II.    STATEMENT OF FACTS

**A. Plaintiffs' Attempt to Restrain the Sale was Deficient.**

On or about August 5, 2010, Plaintiffs filed 1) an application to proceed *in forma pauperis*, 2) a proposed Petition, 3) a proposed Petition for Restraining Order, 4) memorandum in support of proposed Petition for Restraining Order, and 5) a proposed Petition for Temporary Restraining Order. Dkt.1.

As no TRO or preliminary injunction was in effect, on August 6, 2010, the property was sold via a valid trustee's sale to Wells Fargo Bank, N.A., as the highest bidder. *See* Declaration of Jennifer Robinson in support of Wells Fargo's Motion for Summary Judgment ("Wells Fargo Decl."), ¶ 6. The Trustee's Deed evidencing the sale was recorded August 17, 2010, under Pierce County Auditor's File No. 201008170582. A true and correct copy of the Trustee's Deed is hereto attached as Exhibit 1.

On or about September 1, 2010, the Court entered an Order Denying Plaintiff's Motion for Temporary Restraining Order on the grounds that Plaintiffs failed to provide proper notice of the

DEFENDANT WELLS FARGO'S MOTION
FOR SUMMARY JUDGMENT –
PAGE 2 of 13
CASE NO. 3:10-cv-05546-RJB

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

Motion for TRO and did not demonstrate a likelihood of prevailing on the merits. Dkt.12.

**B. Plaintiffs' Petition Does Not Allege Any Actionable Claims.**

The applicable facts relating to the underlying loan are as follows:

On or about April 28, 2008, Plaintiffs Steven L. Klinger, Jr. and Sheila J. Klinger, in order to secure repayment of a promissory note (the "Note") in the amount of $243,676.00, granted to Mortgage Electronic Registrations Systems, Inc. ("MERS") as nominee for Lender Pierce Commercial Bank, its successors and assigns ("Lender") a deed of trust (the "Deed of Trust"). The Deed of Trust encumbers the real property commonly known as 8503 163rd Street Court East, Puyallup, Washington 98375 (the "Property"). The Deed of Trust was recorded April 30, 2008, under Pierce County Auditor's File No. 200804301157. True and correct copies of the Note and Deed of Trust are attached hereto as Exhibits 2 and 3, respectively.

Thereafter, Plaintiffs defaulted under the terms of the Note and Deed of Trust by failing to make the payment due on August 1, 2009 and every payment due thereafter. Wells Fargo Decl., ¶ 4.

On or about December 8, 2009, MERS executed an assignment of deed of trust (the "Assignment of Deed of Trust") whereby it assigned its interest under the Deed of Trust to Wells Fargo Bank, N.A. ("Wells Fargo"). The Assignment of Deed of Trust was recorded under Pierce County Auditor's File No. 20091290266. A true and correct copy of the Assignment Deed of Trust is attached hereto as Exhibit 4.

On or about December 8, 2009, pursuant to Plaintiffs' default and the terms of the Note and Deed of Trust, Wells Fargo instructed NWTS to transmit a Notice of Default on behalf of Wells Fargo and foreclose in the name of Wells Fargo Bank, N.A. Wells Fargo Decl., ¶ 5.

On or about December 9, 2009, Wells Fargo Bank, N.A. recorded an appointment of successor trustee (the "Appointment of Successor Trustee") naming Northwest Trustee Services,

DEFENDANT WELLS FARGO'S MOTION
FOR SUMMARY JUDGMENT –
PAGE 3 of 13
CASE NO. 3:10-cv-05546-RJB

ROUTH CRABTREE OLSEN, P.S.
13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

Inc. ("NWTS"), the successor trustee. The Appointment of Successor Trustee was recorded under Pierce County Auditor's File No. 200912090267. A true and correct copy of the Appointment of Successor Trustee is attached hereto as Exhibit 5.

On or about December 15, 2009, Plaintiffs recorded a document entitled "Constructive Legal Notice of Lawful Debt Validation Demand" (the "Recorded Demand") under Pierce County Auditor's File No. 200912150165. A true and correct copy of the Recorded Demand is hereto attached as Exhibit 6. The Recorded Demand purportedly "disputed the alleged mortgage debt."

On or about May 5, 2010, NWTS recorded a notice of trustee's sale (the "Notice of Sale") under Pierce County Auditor's File No. 201005050270, which set the trustee's sale for August 6, 2010. A true and correct copy of the Notice of Sale is attached hereto as Exhibit 7.

### III.   ISSUES PRESENTED

The following issues are presented for resolution by this Court:

> Whether Wells Fargo is entitled to summary judgment pursuant to FRCP 56, when a) Plaintiffs waived their claims for breach of fiduciary duty, negligence, TILA violations, RESPA violations, and intentional infliction of emotional distress and any right to challenge or set aside the sale by failing to exercise their pre-sale remedies provided under RCW 61.24.130 and b) when notwithstanding waiver, all of Plaintiffs' claims fail as a matter of law.

### IV.   EVIDENCE RELIED UPON

The Motion for Summary Judgment is supported by the pleadings, exhibits thereto, records, and docket on file in this case, this Motion and Memorandum of law and exhibits attached hereto, Declaration of Heidi E. Buck, and Declaration of Jennifer Robinson.

### V.   AUTHORITY & ARGUMENT

**A. SUMMARY JUDGMENT STANDARD**

This Motion for Summary Judgment is made pursuant to Fed. R. Civ. P. 56. Summary

DEFENDANT WELLS FARGO'S MOTION FOR SUMMARY JUDGMENT –
PAGE 4 of 13
CASE NO. 3:10-cv-05546-RJB

ROUTH CRABTREE OLSEN, P.S.
13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

judgment is appropriate when the record shows that there is no genuine issue of fact and that the moving party is entitled to judgment as a matter of law. FRCP 56(c); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The moving party has the initial burden of showing that no genuine issue of material fact exists. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *U.S. v. Carter,* 906 F.2d 1375, 1376 (9th Cir.1990). "A material fact is one upon which the outcome of the litigation depends." *Williams v. Allstate Ins. Co.* L 148678, 1 -2 (W.D. Wash. 2010). When a properly supported motion for summary judgment is made, the burden then shifts and the opposing party must set forth specific facts showing that there is a genuine issue for trial. *Anderson,* 477 U.S. at 250.

Factual disputes whose resolution would not affect the outcome of the suit are irrelevant to the consideration of a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In other words, "summary judgment should be granted where the non-moving party fails to offer evidence from which a reasonable [fact finder] could return a [decision] in its favor." *Triton Energy Corp.,* 68 F.3d at 1220.

**B. PLAINTIFFS WAIVED MOST OF THEIR CLAIMS AND ANY RIGHT TO CHALLENGE THE FORECLOSURE PROCESS OR SALE BY FAILING TO EXERCISE THEIR PRESALE REMEDIES.**

The Washington Deed of Trust Act ("DTA") has been construed to promote three distinct goals, which include 1) that the nonjudicial foreclosure process should be efficient and inexpensive; 2) that the process should result in interested parties having an adequate opportunity to prevent wrongful foreclosure; and 3) that the process should promote stability of land titles. *Plein v. Lackey,* 149 Wn.2d 214, 225, 67 P.3d 1061, 1067 (2003) (citing *Cox v. Helenius,* 103 Wn.2d 383, 387, 693 P.2d 683 (1985)). Under Washington law, the failure to take advantage of

DEFENDANT WELLS FARGO'S MOTION
FOR SUMMARY JUDGMENT –
PAGE 5 of 13
CASE NO. 3:10-cv-05546-RJB

ROUTH CRABTREE OLSEN, P.S.
13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

the presale remedies as provided by the DTA results in waiver of the right to object to the sale where a party 1) received notice of the right to enjoin the sale, 2) had actual or constructive knowledge of a defense to foreclosure prior to the sale, and 3) failed to bring an action to obtain a court order enjoining the sale. *Plein v. Lackey,* 149 Wn.2d 214, 227, 67 P.3d 1061, 1067 (2003) (citing *Country Express Stores, Inc.,* 87 Wn. App. at 749-51, 943 P.2d 374; *Steward v. Good,* 51 Wn. App. 509, 515-17, 754 P.2d 150 (1988); *Koegel v. Prudential Mut. Sav. Bank,* 51 Wn. App. 108, 114, 752 P.2d 385 (1988); *Peoples Nat'l Bank of Wash. v. Ostrander,* 6 Wn. App. 28, 491 P.2d 1058 (1971)).

Washington courts have held that the waiver doctrine applied in this context serves all three goals of the DTA in that adequate remedies to prevent wrongful foreclosure exist in the presale remedies, and finding waiver in these circumstances furthers the goals of providing an efficient and inexpensive foreclosure process and promoting the stability of land titles. *Plein*, 149 Wn.2d at 228 (citing *Country Express Stores, Inc.,* 87 Wn. App. at 752, 943 P.2d 374).

To that end, the DTA provides a specific procedure for stopping a trustee's sale. *Plein v. Lackey,* 149 Wn.2d 214, 225, 67 P.3d 1061, 1067 (2003). The procedure requires that, in addition to filing a lawsuit, the party must move "to restrain" a trustee's sale "on any proper ground." *Id.* at 225. "However, a court cannot grant a 'restraining order or injunction to restrain a trustee's sale' unless the person seeking the order has provided five days' notice to the trustee of the attempt to seek the order." *Id.* at 226; RCW 61.24.130(1), (2). This statutory procedure is "the only means by which a grantor may preclude a sale once foreclosure has begun with receipt of the notice of sale and foreclosure." *Id.* at 226 (citing *Cox,* 103 Wn.2d at 388, 693 P.2d 683). Moreover, bringing a suit objecting to the alleged default or to the foreclosure proceedings without obtaining a restraining order does not prevent the sale from going forward. *Id.* at 227.

DEFENDANT WELLS FARGO'S MOTION
FOR SUMMARY JUDGMENT –
PAGE 6 of 13
CASE NO. 3:10-cv-05546-RJB

ROUTH CRABTREE OLSEN, P.S.
13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

Additionally, the Court of Appeals in considering the same issues as presented in this case held that by failing to request a preliminary injunction or restraining order enjoining a nonjudicial foreclosure sale at least five days before the sale date, a borrower also waives claims for damages. *Brown v. Household Realty Corp.,* 146 Wn. App. 157, 160, 189 P.3d 223 (2008).

The Washington State Legislature created a limited exception to the general rule when it enacted RCW 61.24.127, which provides in pertinent part:

> (1) The failure of the borrower or grantor to bring a civil action to enjoin a foreclosure sale under this chapter may not be deemed a waiver of a claim for damages asserting:
> (a) Common law fraud or misrepresentation;
> (b) A violation of Title 19 RCW; or
> (c) Failure of the trustee to materially comply with the provisions of this chapter.

RCW 61.24.127.

Here, Plaintiffs' attempt to restrain the sale was deficient. Plaintiffs did not properly serve the lawsuit or notice the foreclosing trustee. *See* Dkt. 5, 8, 12, and 13. Therefore no Temporary Restraining Order or Preliminary Injunction was in effect to restrain the sale. Plaintiffs had notice of their right to enjoin as provided in the recorded Notice of Sale, and given that they sent numerous letters to Defendant NWTS[1] asserting their "alleged defenses" to the foreclosure, Plaintiffs' deficient attempt to enjoin prior to the sale resulted in waiver of Plaintiffs' breach of fiduciary duty, negligence, Real Estate Settlement Procedures Act ("RESPA") violations, Truth in Lending Act ("TILA") violations, and Intentional Infliction of Emotional Distress ("IIED") claims and limits Plaintiffs' right to any damages for their fraud claim to monetary damages only.

---

[1] *See* Defendant NWTS' Motion to Dismiss, Dkt. 13, Exhibits J, K, M and N.

DEFENDANT WELLS FARGO'S MOTION
FOR SUMMARY JUDGMENT –
PAGE 7 of 13
CASE NO. 3:10-cv-05546-RJB

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

**C. NOTWITHSTANDING WAIVER, WELLS FARGO IS ENTITLED TO SUMMARY JUDGMENT BECAUSE PLAINTIFF'S CLAIMS FAIL AS A MATTER OF LAW.**.

    **1.**    <u>**Wells Fargo owes no fiduciary duties to Plaintiffs on which to base tort claims.**</u>

A breach of fiduciary duty may impose tort liability. Restatement (Second) of Contracts sec. 193 (1983); *Tedvest Arginomics VI v. Tedmon Prop. V*, 49 Wn. App. 605, 607, 744 P.2d 648 (1987).  Whether a legal duty exists is a question of law. *Hansen v. Friend*, 118 Wn.2d 476, 479, 824 P.2d 483 (1992).

The general rule in Washington is that a lender [its successors, assigns, or designated loan servicer] is not a fiduciary of its borrower. *Miller v. U.S. Bank of Wash.,* 72 Wn. App. 416, 426, 865 P.2d 536 (1994). Rather, a special relationship must develop between the parties before a fiduciary duty exists. *Id.* at 427. Where the parties deal with each other at arm's length, such as a borrower-lender relationship, no fiduciary duty arises. *Interstate Production Credit Assoc. v. MacHugh*, 61 Wn. App. 403, 411 (1991).

Wells Fargo is an assignee under the Deed of Trust and the current beneficiary. Nothing suggests nor have the Plaintiffs asserted a special relationship exists between Plaintiffs and Wells Fargo such that a fiduciary duty would arise. As no fiduciary duty exists on the part of Wells Fargo, Wells Fargo is entitled to judgment as a matter of law as to Plaintiffs' claim for breach of fiduciary duty.

    **2.**    <u>**Wells Fargo owes no loan origination duties to Plaintiffs on which to base tort claims.**</u>

The majority of Plaintiffs' claims, including claims for breach of fiduciary duty, negligence, and IIED, appear to be based on transactions, disclosures, and documentation which

DEFENDANT WELLS FARGO'S MOTION FOR SUMMARY JUDGMENT – PAGE 8 of 13
CASE NO. 3:10-cv-05546-RJB

ROUTH CRABTREE OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

occurred before and during the Pierce Commercial Bank loan closing. Dkt. 4. That closing occurred nearly two years before Wells Fargo acquired its beneficial interest by Assignment in December 2009. Pre-closing duties are owed to the borrower by the loan originator, not by the later loan owner and/or servicer. Subsequent owners and servicers cannot owe such duties because they had no involvement in processing the borrower's loan application, providing information to underwriting departments, and providing information or documentation to the borrower at closing.

If the plaintiff fails to allege or establish that the defendant was involved in another entity's loan marketing or solicitation, then he cannot establish that defendant's liability for deceptive or wrongful acts or practices. *White v. Homefield Fin'l., Inc.,* 545 F.Supp.2d 1159, 1169 (W.D.Wash. 2008). Consequently, Plaintiffs' tort claims against Wells Fargo fail as a matter of law. Additionally, as discussed above, these claims are waived.

### 3. **Plaintiffs are barred from recovering economic losses in a tort action.**

The reasons Plaintiffs have no viable tort claims are addressed above. Even if Plaintiffs could state such claims, however, recovery is barred by the Economic Loss Rule. In *Alejandre v. Bull,* 159 Wn.2d 674, 153 P.3e 864 (2007), the Washington State Supreme Court discussed the rule:

> The economic loss rule applies to hold parties to their contract remedies when a loss potentially implicates both tort and contract relief. It is a device used to classify damages for which a remedy in tort or contract is deemed permissible, but are more properly remediable only in contract…
>
> The rule "prohibits plaintiffs from recovering in tort economic losses to which their entitlement flows only from contract" because "tort law is not intended to compensate parties for losses suffered as a result of a breach of duties assumed only by agreement."

DEFENDANT WELLS FARGO'S MOTION
FOR SUMMARY JUDGMENT –
PAGE 9 of 13
CASE NO. 3:10-cv-05546-RJB

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

*Id.* at 681-82 (citations omitted). *Alejandre v. Bull* involved a sale of real property. Because the claims were within the parties' real estate contract, the Economic Loss Rule prevented any tort recovery. *Id.* at 677, 686. The Court concluded:

> In short, the purpose of the economic loss rule is to bar recovery for alleged breach of tort duties where a contractual relationship exists and the losses are economic losses. If the economic loss rule applies, the party will be held to contract remedies, regardless of how the plaintiff characterizes the claims.

*Id.* at 683.

In this case, there are contracts between Plaintiffs and Wells Fargo (the note, Deed of Trust, and Assignment) that govern the parties' relationship. The Economic Loss Rule precludes recovery for non-economic losses arising from Plaintiffs' tort claims; accordingly, those claims fail as a matter of law.

### 4. **Plaintiffs' TILA claim is barred by the statute of limitations and therefore fails as a matter of law.**

Plaintiffs' TILA claim is barred by its one year statute of limitations. TILA provides, "Any action under this section may be brought…within one year of the occurrence of the violation." 15 U.S.C. sec. 1640(e); *Hubbard v. Fidelity Fed. Bank*, 91 F.3d 75, 79 (9th Cir. 1996). In a related case alleging inaccurate disclosures and faulty rescission notices, the court held TILA's one year limitation period begins to run the date the loan is consummated. *In re Wepsic*, 231 B.R. 768, 775 (S.D. Cal. 1998). *See also, Stevens v. Rock Springs Nat'l. Bank*, 497 F.2d 307 (10th Cir. 1974); *Cooper v. First Gov't Mtg. and Inv. Corp.*, 238 F.Supp.2d 50 (D.D.C. 2002).

Plaintiffs' TILA claim fails for a number of reasons. First, Plaintiffs assert no facts relating to Wells Fargo in support of the TILA claim, and it appears to relate to the closing of the loan. As Wells Fargo was not a party to the contract at closing, Plaintiffs cannot assert liability on the part of Wells Fargo for conduct associated with the loan closing. Secondly, as discussed

DEFENDANT WELLS FARGO'S MOTION
FOR SUMMARY JUDGMENT –
PAGE 10 of 13
CASE NO. 3:10-cv-05546-RJB

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

above, Plaintiffs waived this claim. Finally, even if the Lender failed to make – or inadequately make – TILA disclosures, Plaintiffs had one year from the loan closing to file their TILA claim against the Lender. The loan closed on April 28, 2008, and Plaintiffs filed their Complaint on August 5, 2010, which was clearly outside the one year limitation. As such, Plaintiffs' TILA claim fails as a matter of law.

### 5. **Plaintiffs' RESPA claim is barred by the statute of limitations and therefore fails as a matter of law.**

RESPA requires various disclosures at loan settlement to protect the consumer. 12 U.S.C. § 2601, *et seq.* Plaintiffs' claims arise from alleged inadequate disclosures. Similar to TILA, RESPA also has a one year statutory limitation period for disclosure failures. *Blue v. Fremont Investment & Loan,* 562 F.Supp.2d 33, 43-44 (D.D.C. 2008).

A claim must be brought within one year of a RESPA violation. 12 U.S.C. § 2614. The limitation period begins to run at the time of closing for a RESPA claim. *Snow v. First Am. Title Ins. Co.,* 332 F.3d 356, 359-60 (5th Cir. 2003). Because Plaintiffs did not file their RESPA claim until two years after the Pierce Commercial Bank loan closed, the claim is time barred.

### 6. **There is no legal requirement under Washington Law to produce the note.**

Plaintiffs' Complaint and other pleadings include demands for production of the original note and deed of trust. This supposed requirement to produce the original note has been widely and soundly rejected in Washington, and by all other jurisdictions which have addressed it:

> In her complaint, [the plaintiff] contends that the Uniform Commercial Code (UCC) §3-309 was violated because it was not proven that the foreclosure trustee possessed the original note and deed of trust. … However, as this Court has concluded before, courts have "routinely held that [the plaintiff's] so called 'show me the note' argument lacks merit." *Freeston v. Bishop, White & Marshall, P.S.,* 2010 WL 1186276 (W.D.Wash., 2010) (quoting *Diessner v.*

DEFENDANT WELLS FARGO'S MOTION
FOR SUMMARY JUDGMENT –
PAGE 11 of 13
CASE NO. 3:10-cv-05546-RJB

ROUTH CRABTREE OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

*Mortgage Electronic Registration Systems,* 618 F.Supp.2d 1184, 1187 (D.Ariz.2009) (collecting cases)). The Court finds that [the plaintiff] has failed to state a plausible claim for relief based on Defendants' alleged failure to produce the original promissory note. Therefore, the Court dismisses this claim.

*Wallis v. Indymac Fed. Bank,* __ F.Supp.2d__, 2010 WL 2342530 (W.D.Wash.).

No Washington authority requires that a lender or servicer produce the original note to a borrower for inspection at any time or in order to foreclose the mortgaged property. Accordingly, Plaintiffs have no claim for production of the original note and loan documents.

**D. PLAINTIFFS' FRAUD CLAIM FAILS AS A MATTER OF LAW.**

Plaintiffs' fraud claim must meet the heightened pleading requirement set forth in FRCP 9(b). Rule 9(b) requires that "[i]n all averments of fraud…the circumstances constituting fraud shall be stated with particularity." Fed. R. Civ. P. 9(b). When pleading a civil fraud claim, a complaint must, at a minimum, "state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *See Edwards v. Marin Park, Inc.,* 356 F.3d 1058, 1066 (9th Cir. 2004) (citation and quotations omitted). In addition, "[s]uch allegations must define the specific involvement of the individual defendants." *ITI Internet Servs., Inc. v. Solana Capital Partners, Inc.,* No. C05-2010Z, 2006 WL 1789029, at *8 (W.D.Wash. 2006). Where, as here, the complaint accuses several defendants of participating in an allegedly fraudulent scheme, "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but require[s] plaintiffs to differentiate their allegations…and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Swartz v. KPMG LLP,* 476 F.3d 756, 764-65 (9th Cir. 2007) (citation and quotations omitted). Application of these pleading standards necessitates that Plaintiffs' fraud claim fail as a matter of law as to Wells Fargo.

Here, Plaintiffs' fraud claim includes no allegations of wrongdoing by Wells Fargo.

DEFENDANT WELLS FARGO'S MOTION
FOR SUMMARY JUDGMENT –
PAGE 12 of 13
CASE NO. 3:10-cv-05546-RJB

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

Plaintiffs' allegations of fraud are nothing more than vague, non-specific assertions of the defendants engaged in fraud. Additionally, a fraud claim under Washington law must establish the following nine elements by clear, cogent, and convincing evidence: 1) Representation of an existing fact; 2) Materiality of the representation; 3) Falsity of the representation; 4) The speaker's knowledge of its falsity; 5) The speaker's intent that it be acted upon by the plaintiff; 6) Plaintiff's ignorance of the falsity; 7) Plaintiff's reliance on the truth of the representation; 8) Plaintiff's right to rely upon it; and 9) Resulting damages. *Stieneke v. Russi,* 145 Wn. App. 544, 190 P.3d 60 (Wash. Ct. App. 2008); *Carlile v. Harbour Homes, Inc.,* 147 Wn. App. 193, 194 P.3d 280 (Wash. Ct. App. 2008), review granted in part, 210 P.3d 1019 (2009).

In this case, Plaintiffs fail to plead even one of the nine elements to state a claim for fraud as to Wells Fargo. The Complaint provides no facts that support any claim for fraud and therefore fails to apprise Wells Fargo of the underlying action that supports a claim for fraud. Thus, Plaintiffs' claim clearly does not reach the heightened standard a fraud claim is subject to and fails as a matter of law.

## VI.  CONCLUSION

Based on the foregoing, the Defendant Wells Fargo Bank, N.A. respectfully requests that the Court dismiss Plaintiffs' Complaint in entirety, with prejudice.

## VII.  PROPOSED ORDER

A proposed order granting the requested relief accompanies this Motion.

DATED this 12th day of October, 2010.

**ROUTH CRABTREE OLSEN, P.S.**

By: /s/ Heidi E. Buck
Heidi E. Buck, WSBA No. 41769
Attorneys for Wells Fargo Bank, N.A.

DEFENDANT WELLS FARGO'S MOTION
FOR SUMMARY JUDGMENT –
PAGE 13 of 13
CASE NO. 3:10-cv-05546-RJB

ROUTH CRABTREE OLSEN, P.S.
13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131