UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

STEVEN L. KLINGER, JR. and
SHEILA J. KLINGER,

                          Plaintiffs,

    v.

WELLS FARGO BANK, NA and
NORTHWEST TRUSTEE SERVICES,
INC.,

                         Defendants.

No. C10-5546RJB

ORDER GRANTING DEFENDANT
NORTHWEST TRUSTEE SERVICES,
INC. MOTION FOR SUMMARY
JUDGMENT AND DISMISSING CLAIMS
AGAINST NORTHWEST TRUSTEE
SERVICES, INC.

       This matter comes before the Court on Defendant Northwest Trustee Services, Inc.'s

motion to dismiss that was converted by the Court to a motion for summary judgment.  Dkt. 13.

The Court has considered the motion and the relevant record herein.

## PROCEDURAL AND FACTUAL HISTORY

       On April 30, 2008, Plaintiffs Steven L. Klinger and Sheila J. Klinger ("Plaintiffs"), in

order to secure payment of a promissory note (the "Note") in the amount of $243,676.00, granted

to Mortgage Electronic Registrations Systems, Inc. ("MERS") as nominee for Lender Pierce

Commercial Bank, its successors and assigns ("Lender") a deed of trust (the "Deed of Trust").

Dkt. 13-2.  The Deed of Trust encumbers the real property commonly known as 8503 163rd

Street Court East, Puyallup, Washington 98375 (the "Property").  *Id.*  The Deed of Trust was

recorded with the Pierce County Auditor on April 30, 2008.  *Id.*

       On December 8, 2009, MERS executed an assignment of deed of trust (the

ORDER GRANTING NWTS' MOTION FOR SUMMARY JUDGMENT - 1

1    "Assignment of Deed of Trust") whereby it assigned its interest under the Deed of Trust to Wells

2    Fargo Bank, N.A. ("Wells Fargo").  Dkt. 13-3.  The Assignment Deed of Trust was recorded on

3    December 9, 2009.  *Id.*  On December 8, 2009, Defendant Northwest Trustee Service, Inc.

4    ("NWTS"), as agent to Wells Fargo, mailed a Notice of Default to Plaintiffs and posted the

5    Notice of Default at the Property.  Dkts. 13-4; 13-5; 13-6.

6        On December 9, 2009, Wells Fargo recorded an appointment of successor trustee (the

7    "Appointment of Successor Trustee") naming NWTS the successor trustee.  Dkt. 13-7.  On

8    December 15, 2009, Plaintiffs recorded a document entitled "Constructive Legal Notice of

9    Lawful Debt Validation Demand" (the "Recorded Demand") with the Pierce County Auditor.

10   Dkt. 13-8.  The Recorded Demand states that Plaintiffs "dispute the alleged mortgage debt in it's

11   [sic] entirety for being inaccurate." *Id.*

12       On March 30, 2010, NWTS replied to Plaintiffs via a letter.  Dkt. 13-9.  Enclosed with

13   their letter NWTS included a payment history of Plaintiffs' loan, a copy of the Note dated April

14   28, 2008, and a copy of the Deed of Trust.  *Id.*  On April 24, 2010, Plaintiffs mailed to NWTS a

15   second debt dispute letter, requesting "validation" of the debt.  Dkt. 13-10.  On May 3, 2010,

16   NWTS claims that it replied to Plaintiffs via a letter, citing Plaintiffs' previous attempt to

17   "validate" (or invalidate) the debt.  Dkt. 13, at 4.

18       On May 5, 2010, NWTS recorded a notice of trustee's sale (the "Notice of Sale") with

19   the Pierce County Auditor that set a trustee's sale for August 6, 2010.  Dkt. 13-12.  On June 19,

20   2010, Plaintiffs mailed NWTS another debt dispute letter, claiming that "I've never heard of

21   [NWTS]." Dkt. 13-13.  NWTS replied once again on June 23, 2010 and referenced Plaintiffs'

22   previous debt "validation" measures.  *Id.*

ORDER GRANTING NWTS' MOTION FOR SUMMARY JUDGMENT - 2

On August 5, 2010, Plaintiffs filed with the Court (1) an application to proceed *in forma pauperis*, (2) a proposed Petition, (3) a proposed Petition for Restraining Order, (4) a memorandum in support of the proposed Petition for Restraining Order, and (5) a proposed Petition for Temporary Injunction.  Dkt 1.  Plaintiffs filed a Return of Service stating their Original Petition and motions for temporary restraining order were served on Defendants via U.S. Mail on August 5, 2010. Dkt. 3.

On August 6, 2010, the Property was sold at a trustee's sale to Wells Fargo as the highest bidder.  Dkt. 13-15.  A Trustee's Deed was delivered and recorded on August 17, 2010.  *Id*.

On August 11, 2010, the Court issued an order denying Plaintiffs' application to proceed *in forma pauperis*.  Dkt. 2.  On August 16, 2010, Plaintiffs paid the necessary filing fee.  On September 1, 2010, the Court issued an order denying Plaintiffs' motion for temporary restraining order.  Dkt. 12.

On September 9, 2010, NWTS filed a motion to dismiss.  Dkt. 13.  Because NWTS included exhibits in support of the motion to dismiss that were outside of the pleadings, the Court converted the motion to dismiss to a motion for summary judgment and notified Plaintiffs of the requirements for responding to a motion for summary judgment.  Dkt. 16.

In the motion for summary judgment, NWTS argues that any claim against it should be dismissed because (1) Plaintiffs failed to exercise their pre-sale remedies under RCW 61.24.130, and (2) Plaintiffs fail to make any factual allegations as to NWTS in support of any of Plaintiffs' claims.  On October 1, 2010, Plaintiffs filed a "Motion to Strike Defendants Motion for Summary Judgment," which is better characterized as a response (and which the Court deems to be a response to NWTS' motion for summary judgment), challenging the relevancy of NWTS' arguments.  Dkt. 20.  On October 7, 2010, NWTS filed a reply.  Dkt. 22.

ORDER GRANTING NWTS' MOTION FOR SUMMARY JUDGMENT - 3

1

## SUMMARY JUDGMENT STANDARD

2

3        Summary judgment is proper only if the pleadings, the discovery and disclosure materials

4   on file, and any affidavits show that there is no genuine issue as to any material fact and that the

5   movant is entitled to judgment as a matter of law.  Fed.R.Civ.P. 56(c).  The moving party is

6   entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient

7   showing on an essential element of a claim in the case on which the nonmoving party has the

8   burden of proof.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985).  There is no genuine issue

9   of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find

10  for the non moving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586

11  (1986)(nonmoving party must present specific, significant probative evidence, not simply "some

12  metaphysical doubt.").  *See also* Fed.R.Civ.P. 56(e).  Conversely, a genuine dispute over a

13  material fact exists if there is sufficient evidence supporting the claimed factual dispute,

14  requiring a judge or jury to resolve the differing versions of the truth.  *Anderson v. Liberty*

15  *Lobby, Inc.*, 477 .S. 242, 253 (1986); *T.W. Elec. Service Inc. v. Pacific Electrical Contractors*

16  *Association*, 809 F.2d 626, 630 (9th Cir. 1987).

17

18        The determination of the existence of a material fact is often a close question.  The court

19  must consider the substantive evidentiary burden that the nonmoving party must meet at trial –

20  e.g., a preponderance of the evidence in most civil cases.  *Anderson*, 477 U.S. at 254, *T.W. Elect.*

21  *Service Inc.*, 809 F.2d at 630.  The court must resolve any factual issues of controversy in favor

22  of the nonmoving party only when the facts specifically attested by that party contradict facts

23  specifically attested by the moving party.  The nonmoving party may not merely state that it will

24  discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial

25  to support the claim.  *T.W. Elect. Service Inc.*, 809 F.2d at 630 (relying on *Anderson, supra*).

26

ORDER GRANTING NWTS' MOTION FOR SUMMARY JUDGMENT - 4

Conclusory, non specific statements in affidavits are not sufficient, and "missing facts" will not

be "presumed." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990).

## **DISCUSSION**

Plaintiffs' complaint, totaling twenty-fives pages, contains rambling, inarticulate

accusations against the banking industry in general.  However, because Plaintiffs filed this

complaint *pro se*, the Court has construed the pleadings liberally and has afforded Plaintiffs the

benefit of any doubt.  *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th

Cir.1988).

Plaintiffs' complaint can be fairly summarized to allege eight claims: (1) violation of the

Truth in Lending Act, 15 U.S.C. § 1601 *et seq*; (2) breach of fiduciary duty; (3) negligence; (4)

fraud; (5) breach of an implied covenant of good faith and fair dealing; (6) intentional infliction

of emotional distress; (7) unjust enrichment; and (8) deceptive advertising and business practices

in violation of 15 U.S.C. § 45.  Dkt. 5.  NWTS seeks dismissal of all claims alleged against it.

Dkt. 13.

As a preliminary matter, the complaint does not mention NWTS in any section of the

complaint other than the pleadings' caption and a paragraph on the first page identifying the

parties.  Other than a handful of references to the "Trustees" or a "trust Agent," the allegations in

Plaintiffs' complaint are generally targeted towards the "Defendants" in the case.  Nevertheless,

the Court will examine each of the claims alleged in the complaint to determine if NWTS should

be granted judgment as a matter of law.

*Claims under the Truth in Lending Act.*  Plaintiffs claim that the conduct of Defendants is

in violation of the Truth in Lending Act (TILA), 15 U.S.C. § 1601, *et seq*.  Dkt. 5, at 22.  NWTS

argues that any TILA claim against it is time barred.  Dkt. 13, at 14.

ORDER GRANTING NWTS' MOTION FOR SUMMARY JUDGMENT - 5

A claim for monetary damages under TILA "may be brought ... within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). A TILA violation occurs at the time the loan documents are signed. *See Meyer v. Ameriquest Mortgage Co*., 342 F.3d 899, 902 (9th Cir.2003); *see also Vatomanyuk v. Quality Loan Service Corp. of Washington*, 699 F.Supp.2d 1242, 1244 (W.D.Wash.2010).

Here, the evidence shows that the loan in question was closed in April 2008 (Dkt. 13-1) and that Plaintiffs filed their claims under TILA in August 2010 (Dkt. 5). Plaintiffs' claims for monetary damages under TILA were therefore brought outside the limitations period.

Plaintiffs also apparently argue that the limitations period for TILA should be equitably tolled. Dkt. 5, at 14. For a TILA claim, equitable tolling "suspend[s] the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the... action." *King v. State of Cal.*, 784 F.2d 910, 915 (9th Cir.1986). However, "[w]here equitable tolling may be applicable to a federal claim, the 'claim accrues ... upon awareness of the actual injury, not upon awareness that this injury constitutes a legal wrong.'" *Lukovsky v. San Francisco*, 535 F.3d 1044, 1049 (9th Cir.2008). Here, Plaintiffs have not provided evidence to show that they only discovered the alleged TILA violations outside the limitations period or that they did not have a reasonable opportunity to discover the alleged fraud or non-disclosures within the limitations period. Accordingly, because equitable tolling of the TILA statute of limitations is not proper for this claim, the claim should be dismissed.

*Breach of fiduciary duty*. Plaintiffs allege that "Defendants…owed [Plaintiffs] a fiduciary duty of care with respect to the mortgage loan transactions and related title activities involving the Trust Property." Dkt. 5, at 19. Although the "Trust Property" is not identified in the complaint, Plaintiffs presumably refer to the real property that is the focus of this dispute.

ORDER GRANTING NWTS' MOTION FOR SUMMARY JUDGMENT - 6

NWTS argues that as a successor trustee involved in the non-judicial foreclosure process, it owes no fiduciary duty to Plaintiffs.  Dkt. 13, at 12.

Breach of a fiduciary duty imposes liability in tort.  *Tedvest Agrinomics VI v. Tedman Properties V*, 49 Wn.App. 605, 607 (1987).  In order to prevail, Plaintiffs "must establish: (1) the existence of a duty [owed to them]; (2) a breach of that duty; (3) a resulting injury; and (4) that the claimed breach was the proximate cause of the injury."  *Hansen v. Friend*, 118 Wn.2d 476, 479 (1992).  Whether a legal duty exists is a question of law.  *Id.*

Washington's Deed of Trust Act provides that "the trustee or successor trustee shall have no fiduciary duty or fiduciary obligation to the grantor or other persons having an interest in the property subject to the deed of trust."  RCW 61.24.010(3).  This subsection became effective on June 12, 2008, and was intended to address ambiguities regarding the duties of a trustee after the Washington Supreme Court imposed dual (and in many ways competing) obligations in *Cox v. Helenius*, 103 Wn.2d 383 (1985).  *See* Wash. Senate Bill Report, 2008 Reg. Sess. S.B. 5378 (February 9, 2008); Wash. House Rep. Bill Report, 2008 Reg. Sess. S.B. 5378 (March 6, 2008) (discussing how SB 5378 clarified RCW 61.24.010 to state that a trustee owes no fiduciary duty).

Accordingly, when Wells Fargo appointed NWTS as a successor trustee on December 8, 2009, NWTS owed no fiduciary duty to Plaintiffs.  Because no duty existed, Plaintiffs' claim that NWTS breached a fiduciary duty should be dismissed as a matter of law.

*Negligence.*  Plaintiffs claim that NWTS owed to Plaintiffs "a general duty of care…to properly perform due diligence as to the loans and related transactional issues."  Dkt. 5, at 20. NWTS argues that because it is a successor trustee appointed over eighteen months after the origination of the loan, any claim of negligence fails as a matter of law.  Dkt. 13, at 12-13.

ORDER GRANTING NWTS' MOTION FOR SUMMARY JUDGMENT - 7

"In an action for negligence a plaintiff must prove four basic elements: (1) the existence of a duty, (2) breach of that duty, (3) resulting injury, and (4) proximate cause." *Ranger Ins. Co. v. Pierce County*, 164 Wn.2d 545, 552-53 (2008) (*quoting Degel v. Majestic Mobile Manor, Inc.*, 129 Wn.2d 43, 48 (1996)). If any of these elements cannot be met as a matter of law, summary judgment for NWTS is proper.

Here, Plaintiffs have not established that NWTS owed them a duty of care. While Plaintiffs' allegations relate to the origination of their mortgage, the evidence presented by NWTS shows that NWTS only became involved with this loan many months after the conduct described by Plaintiffs took place. Furthermore, Plaintiffs presented no evidence to show that NWTS had any role other than that NWTS sets forth in its motion for summary judgment. Because there are no genuine issues of material fact, Plaintiffs' negligence claim should be dismissed.

*Fraud.* Plaintiffs bring a claim of common law fraud, arguing that NWTS promulgated false misrepresentations to cause Plaintiffs to enter in to their mortgage "without knowledge or understanding of the terms thereof." Dkt. 5, at 21.

Under Washington law, a claim for fraud has the following nine elements: "(1) representation of an existing fact; (2) materiality; (3) falsity; (4) the speaker's knowledge of its falsity; (5) intent of the speaker that it should be acted upon by the plaintiff; (6) plaintiff's ignorance of its falsity; (7) plaintiff's reliance on the truth of the representation; (8) plaintiff's right to rely upon it; and (9) damages suffered by the plaintiff." *Stiley v. Block*, 130 Wn.2d 486, 505 (1996).

To survive a motion to dismiss, a complaint must plead allegations of fraud with particularity. Fed.R.Civ.P. 9(b). The complaint must include "an account of the 'time, place,

ORDER GRANTING NWTS' MOTION FOR SUMMARY JUDGMENT - 8

1  and specific content of the false representations as well as the identities of the parties to the

2  misrepresentations.'" *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir.2007) (quoting *Edwards*

3  *v. Marin Park, Inc*., 356 F.3d 1058, 1066 (9th Cir.2004)).  Moreover, "Rule 9(b) does not allow a

4  complaint to merely lump multiple defendants together but requires plaintiffs to differentiate

5  their allegations when suing more than one defendant and inform each defendant separately of

6  the allegations surrounding his alleged participation in the fraud." *Id*. at 764-65 (internal

7  quotation and edits omitted).  Thus, where, as here, a fraud suit involves multiple defendants, "a

8  plaintiff must, at a minimum, identify the role of each defendant in the alleged fraudulent

9  scheme." *Id*. at 765 (internal quotation and edits omitted).

10       Rather than identifying the specific circumstances of NWTS' allegedly fraudulent

11  conduct, Plaintiffs make broad allegations that "Defendants" made non-specified negligent

12  misrepresentations to Plaintiffs.  Plaintiffs have failed to identify what role NWTS played in any

13  alleged fraud.  Furthermore, Plaintiffs did not produce any evidence regarding any of the

14  elements of fraud to rebut NWTS' motion for summary judgment.  Accordingly, this claim

15  should be dismissed.

16       *Breach of an implied covenant of good faith and fair dealing*.  Plaintiffs argue that

17  NWTS breached the implied covenant of good faith and fair dealing when NWTS (1) failed to

18  provide all proper disclosures and (2) failed to perform valid or properly documented

19  substitutions and assignments "so that Plaintiffs could ascertain their rights and duties."  Dkt. 5,

20  at 22.

21       There is in every contract an implied duty of good faith and fair dealing.  *Badgett v.*

22  *Security State Bank*, 116 Wn.2d 563, 569 (1991).  This duty obligates the parties to cooperate

23  with each other so that each may obtain the full benefit of performance.  *Id*.

ORDER GRANTING NWTS' MOTION FOR SUMMARY JUDGMENT - 9

Here, Plaintiffs have not shown how NWTS' alleged failure to disclose prevented Plaintiffs from receiving the benefits of the loan agreement.  Plaintiffs' rights and duties were established by the original mortgage documents and any assignment of the Note did not change Plaintiffs' rights and duties.  This claim should be dismissed.

*Intentional infliction of emotional distress.*  Plaintiffs claim that Defendants were liable for the tort of intentional infliction of emotional distress, also known as outrage.  Dkt. 5, at 23.

"The tort of outrage requires the proof of three elements: (1) extreme and outrageous conduct, (2) intentional or reckless infliction of emotional distress, and (3) actual result to plaintiff of severe emotional distress."  *Kloepfel v. Bokor*, 149 Wn.2d 192, 195 (2003).  "The question of whether certain conduct is sufficiently outrageous is ordinarily for the jury, but it is initially for the court to determine if reasonable minds could differ on whether the conduct was sufficiently extreme to result in liability." *Dicomes v. State*, 113 Wn.2d 612, 630 (1989); *see Robel v. Roundup Corp.*, 148 Wn.2d 35 (2002). "The first element requires proof that the conduct was 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'"  *Robel*, 148 Wn.2d at 51 (quoting *Dicomes*, 113 Wn.2d at 630).

Here, NWTS' alleged conduct does not exceed all bounds usually tolerated by decent society.  Plaintiffs' conclusory statement that Defendants' conduct was extreme and outrageous, without alleging facts or producing evidence to support this legal conclusion, is insufficient as a matter of law.  Moreover, Plaintiffs assert that they suffered severe emotional distress, but do not allege any facts in support of this assertion.  Because Plaintiffs have not met their burden to establish a genuine issue of material fact, this claim should be dismissed.

ORDER GRANTING NWTS' MOTION FOR SUMMARY JUDGMENT - 10

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

*Unjust enrichment.*  Plaintiffs appear to allege that NWTS was unjustly enriched as result of various "spurious fees and charges."  Dkt. 5, at 18.  Under Washington law, unjust enrichment is composed of three elements: "(1) the defendant receives a benefit, (2) the received benefit is at the plaintiff's expense, and (3) the circumstances make it unjust for the defendant to retain the benefit without payment." *Young v. Young*, 164 Wn.2d 477, 484-485 (2008).

A party may not bring an unjust enrichment claim where an express contract governs the relationship between the parties.  *MacDonald v. Hayner*, 43 Wn.App. 81, 85-86 (1986).  "A party to an express contract is bound by the provisions of that contract and may not disregard the same and bring an action on an implied contract relating to the same subject matter, in contravention of the express contract." *Id.*  Here, notwithstanding the fact that NWTS became involved with this mortgage more than eighteen months after the origination of the loan, Plaintiffs' express contract with their lender bars them from bringing an unjust enrichment claim relating to the loan contract.  *See Guketlov v. Homekey Mortg., LLC*, 2009 WL 3785575 (W.D.Wash.2009).  Accordingly, this claim should be dismissed.

*Deceptive advertising and unfair business practices in violation of 15 U.S.C. § 45.*

Plaintiffs allege that Defendants have engaged in a variety of unfair and unlawful business practices in violation of the Federal Trade Commission Act, 15 U.S.C. § 45 *et seq.*  This section of the United States Code, however, does not provide for any private cause of action. *See, e.g., Holloway v. Bristol-Myers Corp.*, 485 F.2d 986, 988 (D.C.Cir.1973).  Therefore, this claim should be dismissed.

## **ADDITIONAL COMMENTS**

Finally, the Court notes at least eleven other cases in federal district courts across the country where complaints identical to the current one (with the insertion of different parties and

ORDER GRANTING NWTS' MOTION FOR SUMMARY JUDGMENT - 11

monetary damages) have been filed.  *See, e.g., Robertson v. Bank of America, NA*, 2010 WL 3300851 (N.D.Cal.2010); *Craig v. The Bank of New York Mellon Corporation*, 2010 WL 3009461 (S.D.N.Y.2010); *Gharbi v. Flagstar*, 2010 WL 3494762 (W.D.Tex.2010); *Gharbi v. Flagstar* 2010 WL 3494763 (W.D.Tex.2010); *Forsyth v. Wachovia Mortgage,* 2010 WL 3494931 (W.D.Tex.2010); *McComas v. One West Bank*, 2010 WL 1842198 (N.D.Cal.2010); *Vogler v. Countrywide Home Loans, Inc., et al.,* 2010 WL 3394034 (M.D.N.C.2010); *Geans v. Oxford Bank*, 2010 WL 3273276 (E.D.Mich.2010); *Grandy v. BAC Home Loan Servicing, LP*, 2010 WL 3842428 (E.D.N.Y.2010); *Rice v. JP Morgan Chase Bank, N.A.,* 2010 WL 3586740 (D.Or.2010); *Ray v. HSBC Bank, N.A.*, 2010 WL 3528554 (W.D.N.C.2010).

Additionally, this cut-and-paste complaint has been filed in three cases in this district in just the last three weeks.  *See Kehaulani v. BAC Home Loans Servicing, LP*, No. 3:10-cv-05698-BHS (filed September 27, 2010); *Kehaulani v. Washington State Employees Credit Union*, No. 3:10-cv-05699-BHS (filed September 27, 2010); *Schanne et al v. Nationstar Mortgage LLC*, No. 3:10-cv-5753-BHS (filed October 14, 2010).

Plaintiffs are apparently using frivolous arguments and vexatious federal litigation in an attempt to eliminate their mortgage obligations through some sort of administrative process.  The parties are warned that such conduct may be sanctionable.  *See* Fed.R.Civ.P. 11.

## <u>ORDER</u>

Therefore it is hereby **ORDERED** that Defendant Northwest Trustee Services, Inc.'s motion to dismiss (Dkt. 13) is **GRANTED**.  Plaintiffs' motion to strike Northwest Trustee Services, Inc.'s motion for summary judgment (Dkt. 20) is **DENIED**.  All claims against Defendant Northwest Trustee Services, Inc.'s are **DISMISSED.**

ORDER GRANTING NWTS' MOTION FOR SUMMARY JUDGMENT - 12

1    The Clerk is directed to send uncertified copies of this Order to all counsel of record and

2    to any party appearing pro se at said party's last known address.

3

4    DATED THIS 20th day of  October, 2010.

5

6

7

8    _____

9    ROBERT J. BRYAN
     United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ORDER GRANTING NWTS' MOTION FOR SUMMARY JUDGMENT - 13