The Honorable Robert J. Bryan

# UNITED STATES DISTRICT COURT WESTERN DISTRICT OF WASHINGTON AT TACOMA

| | |
|---|---|
| STEVEN L. KLINGER, JR., and SHEILA J. KLINGER,<br><br>      Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, N.A.; NORTHWEST TRUSTEE SERVICES, INC.,<br><br>      Defendants. | No. 3:10-cv-05546-RJB<br><br>**DEFENDANT WELLS FARGO'S REPLY TO PLAINTIFFS' RESPONSE TO MOTION FOR SUMMARY JUDGMENT**<br><br>**NOTED ON MOTION CALENDAR:**<br>**November 5, 2010** |

## I. INTRODUCTION

COMES NOW defendant Wells Fargo Bank, N.A. ("Wells Fargo") and hereby replies to the plaintiffs' response and objection to defendant's motion for summary judgment ("plaintiffs' response").

In denying plaintiffs' motion for leave to file an amended complaint, the court instructed plaintiffs that their response to defendant's motion for summary judgment would give them the opportunity to more particularly describe their claims. Plaintiffs' response, however, is just as vague as their original complaint and appears to assert new claims not plead in their complaint. Plaintiffs' response states "there are many problems that are a direct result of defendants' unlawful and wrongful foreclosure." Yet, plaintiffs fail to describe the alleged problems, explain

DEFENDANT WELLS FARGO'S REPLY
TO PLAINTIFFS' RESPONSE - 1 of 12
CASE NO. 3:10-cv-05546-RJB

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

"problems" that are based on speculation or conjecture without providing any factual support specific to the subject case, or explain "problems" that are not and simply demonstrate plaintiffs' lack of understanding of Washington law. Ultimately, as argued in defendant's motion for summary judgment, plaintiffs' right to challenge the foreclosure sale was waived due to plaintiffs' failure to exercise their pre-sale remedies. Simply asserting, without any factual basis, that their claims fall within the limited exception to waiver provided in RCW 61.24.127, is not enough to defeat the effect of plaintiffs' failure to take action prior to the sale, which is waiver of their claims.

## II.   REPLY

### A. Summary Judgment Standard.

Once a properly supported motion for summary judgment is made, the burden then shifts and the opposing party must set forth specific facts showing that there is a genuine issue for trial. *Anderson,* 477 U.S. at 250. "[I]f the factual context makes the non-moving party's claim *implausible,* that party must come forward with more persuasive evidence than would otherwise be necessary to show that there is a genuine issue for trial." *Jackson v. Bank of Hawaii,* 902 F.2d 1385, 1389 (9th Cir. 1990) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986)).

### B. Plaintiffs have already been afforded what leeway is due to pro se litigants.

Plaintiffs are quick to point out that as pro se litigants they should be afforded leeway. Thus far, plaintiffs have been afforded such leeway including an extension from the court to file their response. The leeway afforded to pro se litigants, however, does not include survival of a motion for summary judgment if all the evidence before the court demonstrates that the pro se litigant's claims fail as a matter of law as they do in this case.

DEFENDANT WELLS FARGO'S REPLY
TO PLAINTIFFS' RESPONSE - 2 of 12
CASE NO. 3:10-cv-05546-RJB

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

### C. Wells Fargo validated the debt in compliance with federal law.

As a threshold matter, Wells Fargo maintains it is not a debt collector as defined by the FDCPA, and is therefore exempt from the FDCPA. Notwithstanding this, the Ninth Circuit has adopted the Fourth Circuit's articulation of what is required to verify a debt under the FDCPA. *Clark v. Capital Credit & Collection Services, Inc.,* 460 F.3d 1162, 1173 (9th Cir. 2006) (citing *Chaudhry v. Gallerizzo,* 174 F.3d 394 (4th Cir.1999)). Verification of a debt involves nothing more than confirmation in writing that the amount being demanded is what the creditor is claiming is owed. *Clark, at 1174 (citing Chaudry,* 174 F.3d at 406 (citing *Azar v. Hayter,* 874 F.Supp. 1314, 1317 (N.D.Fla.), *aff'd,* 66 F.3d 342 (11th Cir.1995)).

In the present case, Wells Fargo verified the debt. In fact, plaintiffs attached as an Exhibit to their response, the verification letter from Wells Fargo dated January 5, 2010. Attached to the verification letter, Wells Fargo provided copies of plaintiffs' payment history on the loan, the Note, the HUD1 Settlement Sheet, plaintiffs' final loan application, and a Truth in Lending statement. Additionally, the verification included the date upon which Wells Fargo acquired plaintiffs' loan. *See* Dkt. 33, #8 Exhibit C. Wells Fargo's efforts to verify the debt for plaintiffs go far beyond what is required under the *Clark* standard. While plaintiffs request and demand that the original note be produced, there is absolutely no legal authority that requires a lender or servicer produce the original promissory note prior to foreclosure. Wells Fargo adequately verified the debt, and plaintiffs' assertions that it has not are without merit.

### D. Plaintiffs are not entitled to leave to amend.

Under Fed.R.Civ.P. 15(a), after twenty days from the date when the initial complaint was served, "a party may amend [its] pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." *Jackson v. Bank of*

DEFENDANT WELLS FARGO'S REPLY
TO PLAINTIFFS' RESPONSE - 3 of 12
CASE NO. 3:10-cv-05546-RJB

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

*Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990). Although the rule should be interpreted with "extreme liberality," leave to amend is not to be granted automatically. *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) (citing *United States v. Webb*, 655 F.2d 977, 979 (9th Cir.1981)). A trial court may deny such a motion if permitting an amendment would prejudice the opposing party, produce an undue delay in the litigation, or result in futility for lack of merit. *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990) (citing *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962) (listing these factors among others to be considered)). Prejudice to the opposing party is the most important factor. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330-31, 91 S.Ct. 795, 802-03, 28 L.Ed.2d 77 (1971). In considering whether leave to amend should be granted, courts have also considered whether the additional claims advance different legal theories and require proof of different facts. Jackson v. Bank of Hawaii, 902 F.2d 1385, 1387-88 (9th Cir. 1990); and *See, e.g., Wilcox v. First Interstate Bank of Or.,* 815 F.2d 522, 529 (9th Cir.1987) (distinguishing elements of RICO claims under §§ 1962(a) and (b) from claims under § 1962(c)); *Schreiber Distrib. Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1396-97 (9th Cir.1986) (same).

In *Jackson,* the plaintiff borrowers were not entitled to leave to amend their complaint to allege additional claims advancing different legal theories against the bank. *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990). There, the court held that to permit the amended complaint would have required the bank to relitigate a portion of the state-court action brought by its insurer, and the borrowers did not justify their delay. *Id.*

In this case, plaintiffs' right to amend is not automatic as it more than twenty days since plaintiffs filed their complaint. In fact, there is no motion for leave to amend before the court as plaintiffs' previous motion has already been denied. Dkt. 29.

DEFENDANT WELLS FARGO'S REPLY
TO PLAINTIFFS' RESPONSE - 4 of 12
CASE NO. 3:10-cv-05546-RJB

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

In any case, leave should not be granted in this case because Wells Fargo would be prejudiced, it would cause undue delay in this litigation, and as plaintiffs' intended claims lack merit, it would be futile. Plaintiffs' intended amendments appear to be that of adding new parties and making wholly new claims as to those parties. Additionally, many of the claims plaintiffs appear to make against defendant in their response were not made in plaintiffs' complaint. For example, plaintiffs did not advance their MERS theories in their complaint. Therefore, to the extent that plaintiffs intend to raise these new claims, they are based on new legal theories and will require proof of different facts. And, to the extent that plaintiffs intend to sue other parties not part of the current lawsuit, Wells Fargo does not need to be involved. Finally, even if allowed to amend their complaint and add claims as to Wells Fargo, these claims have been waived. Accordingly, plaintiffs must be denied any request or motion for leave to amend.

### E. Plaintiffs' allegations and assertions as to MERS are improper new claims made in the response, and even if considered, do not invalidate Wells Fargo's authority to foreclose.

*1. MERS is authorized to serve as beneficiary under the Washington Deed of Trust Act.*

Even if there was some question as to defendants' authority to foreclose (which there is not), plaintiffs still cannot validate any claim under the theory that MERS lacked the authority to make the assignment in this case.

In a recent decision from the district court of the Western District of Washington, the plaintiff challenged a non-judicial foreclosure based on MERS' status as beneficiary under the Deed of Trust Act where MERS did not hold the promissory note. *Daddabbo v. Countrywide Home Loans, Inc.*, No. C09-1417-RAJ, 2010 WL 2102485, at *5 (W.D. Wash. May 20, 2010). In *Daddabbo*, the note was held by Wells Fargo & Deutsche National Trust Company, and Morgan

DEFENDANT WELLS FARGO'S REPLY
TO PLAINTIFFS' RESPONSE - 5 of 12
CASE NO. 3:10-cv-05546-RJB

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

Stanley ABS Capital I Inc,. *Id.* at *2 Fn 2. The deed of trust named MERS as the beneficiary. *Id.* at *5. The court held that "the deed of trust, of which the court takes judicial notice, explicitly names MERS as beneficiary. The deed of trust grants MERS not only legal title to the interests created in the trust, but the authorization of the lender and any of its successors to take any action to protect those interests, including the right to foreclose and sell the Property." *Id.* (internal citations omitted). The court considered the documents identifying the trust company as the holder of the note, and held that it does not "remotely support[] plaintiffs' assertion that MERS somehow has been stripped of the power that the deed of trust grants." *Id.*

In another decision, the plaintiff also attempted to challenge a non-judicial foreclosure based on "MERS' role as beneficiary on the Deed of Trust where MERS did not hold the note." *Vawter v. Quality Loan Servicing Corp. of Washington*, 707 F.Supp.2d 1115 (W.D. Wash. 2010). In *Vawter*, the original lender was Paul Financial, and the original beneficiary "acting solely as nominee for Lender and Lender's successors and assigns" was MERS. *Id.* at 1118. During the life of the loan, the note was negotiated to Chase, and MERS also assigned its interest in the deed of trust to Chase. *Id.* at 1119. The plaintiffs argued that the original lender, Paul Financial, remained the beneficiary and that MERS' assignment of the deed of trust had no effect. *Id.* at 1125. The court held that "the factual allegations of the complaint, even accepted as true, do not give rise to a genuine issue of material fact as to whether MERS properly held a beneficial interest under the Deed of Trust." *Id.* at 1126.

In both *Vawter and Daddabbo*, MERS was not the holder of the note at the time that MERS was designated as the beneficiary, and in both cases the court held that it did not affect any actions taken by MERS as the beneficiary of the deed of trust, as nominee for lender and lender's successors and assigns.

DEFENDANT WELLS FARGO'S REPLY
TO PLAINTIFFS' RESPONSE - 6 of 12
CASE NO. 3:10-cv-05546-RJB

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

*Vawter* and *Daddabbo* follow numerous courts in other jurisdictions that have held MERS may hold legal title to the deed of trust as the beneficiary as nominee for lender and lender's successors and assigns and has standing to assign the deed of trust, substitute trustees, and even foreclose to enforce the property interest granted to it in the mortgage or deed of trust. *See*, e.g., *Jackson v. MERS, Inc.*, 770 N.W.2d 487 (2009) (holding MERS does not need to record assignments of underlying indebtedness to initiate foreclosure proceedings); *Mortgage Electronic Registration Systems, Inc. v. Azize*, 965 So2d 151, 153 (Fla.App.2d 2007); *Mortgage Electronic Registration Systems, Inc. v. Revoverdo*, 955 So.2d 33, 34 (Fla.App.3d 2007); *MERSCORP, Inc. v. Romaine*, 8 N.Y.3d 90, 101, 828 N.Y.S.2d 266, 271, 861 N.Ed.2d 81 (2006); *In re Huggins*, 357 B.R. at 183. *Elias v. HomeEq Servicing*, 2009 WL 481270, 1 (D. Nev. 2009) (deeds of trust confirmed the standing of the loan servicer, the loan owner, and MERS as the nominee beneficiary to seek foreclosure); *Blau v. America's Servicing Co.*, 2009 WL 3174823, 7-8 (D. Ariz. 2009) (MERS was authorized to act on behalf of, and exercise the rights of, the loan originator); *Cervantes v. Countrywide Home Loans Inc.*, 2009 WL 3157160, 11 (D. Ariz. 2009) (rejecting claim that MERS could not act as beneficiary under a deed of trust); *Derakshan v. Mortgage Electronic Registration Systems, Inc.*, 2009 U.S. Dist. LEXIS 63176, 17-18 (C.D. Cal. 2009).

Therefore, MERS' role and participation was legally permissible and did not affect defendants' authority. Accordingly, MERS' involvement had no bearing on Wells Fargo's authority to foreclose. Thus, plaintiff's assertions relating to MERS cannot support any claim.[1]

---

[1] Plaintiffs cite to the *Jacobsen*, *Walker* and *Landmark* cases, which are distinguishable. In re Jacobson addresses whether a servicing agent, UBS AG, provided sufficient evidence to establish standing to seek relief from a bankruptcy stay. *In re Jacobsen*, 402 B.R. at 359. UBS AG was not the holder of the note, and the Court finds that "UBS AG has submitted no evidence that it is authorized to act for whomever holds the note." *Id.* at 366. The Court holds that for purposes of Rule 17, "setting forth that the holder may act through agents. . . is appropriate." *Id.*

DEFENDANT WELLS FARGO'S REPLY
TO PLAINTIFFS' RESPONSE - 7 of 12
CASE NO. 3:10-cv-05546-RJB

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

**2. *An assignment by MERS was authorized and in accordance with Washington law.***

Under the Washington Deed of Trust Act RCW 61.24 *et seq.*, in a nonjudicial foreclosure, the Beneficiary's authority to act does not depend upon the recording of an assignment of the beneficial interest under the deed of trust. *See* RCW 61.24.005(2). According to RCW 61.24.005(2), a "Beneficiary" is "the holder of the instrument or document evidencing the obligations secured by the deed of trust, excluding persons holding the same as security for a

---

at 366. And the Court also holds that"[t]o have standing, [a party] must establish its authority to act for the holder of the Debtor's note." *Id.* at 367. The Court only mentions MERS because, not only did UBS AG present no evidence that it could act on behalf of ACT Properties LLC, the alleged note holder, but UBS AG presented no evidence that ACT Properties LLC actually held the note. *Id.* at 367-68. There was only an assignment of the deed of trust from MERS to ACT Properties LLC, but Wells Fargo held the note. *Id.* at 362. The Jacobson Court's analysis demonstrates that, pursuant to the deed of trust, MERS would be the real party in interest and would have standing because, unlike UBS AG, the express language in the deed of trust, signed by the debtor and the lender/note holder, establishes MERS' "authority to act for the holder of the Debtor's note." *Id.* at 367.

In *Walker*, the claimant, in the context of a bankruptcy motion for relief from stay, did not present evidence to the Court as to who held the note, or whether any party before the court properly represented the holder. *In re Walker*, No. 10-21656, at *2 (E.D. Cal. Bankr. May 20, 2010). The Court denied the proof of claim by Citibank because Citibank presented no proof that it held the note. *Id.* Bayrock Mortgage held the note, and Citibank was not purporting to act on behalf of Bayrock. *Id.* The Court does not address whether MERS could have moved on behalf of Bayrock Mortgage, pursuant to its "authority [in the deed of trust] to act for the holder." *Id.* California courts, however, have consistently held that MERS can properly be designated as beneficiary on a deed of trust, as nominee for lender. For example, *Lane v. Vitek Real Estate Indus. Group*, 2010 U.S. Dist. LEXIS 54831 (E.D. Cal. May 11, 2010), citing numerous cases, holds that MERS can initiate foreclosure and appoint successor trustees: MERS has standing to foreclose as the nominee for the lender and beneficiary of the Deed of Trust and may assign its beneficial interest to another party. *See, e.g., Morgera v. Countrywide Home Loans, Inc.*, No. Civ. 2:09-01476 MCE GGH, 2010 U.S. Dist. LEXIS 2037, 2010 WL 160348, at *8 (E.D. Cal. Jan. 11, 2010) (collecting cases); *Pantoja v. Countrywide Home Loans, Inc.*, 640 F. Supp. 2d 1177 (N.D. Cal. 2009); *Castaneda v. Saxon Mortg. Servs., Inc.*, 687 F. Supp. 2d 1191, 2009 WL 4640673, at *4 (E.D. Cal. 2009); *Benham v. Aurora Loan Servs.*, No. C-09-2059 SC, 2009 U.S. Dist. LEXIS 91287, 2009 WL 2880232, at *3 (N.D. Cal. Sept. 1, 2009); *Kachlon v. Markowitz*, 168 Cal. App. 4th 316, 334-35, 85 Cal. Rptr. 3d 532 (2008). MERS properly substituted Cal-Western Reconveyance Corp. as a Trustee and assigned its beneficial interest to CMI on September 15, 2009.

As to the *Landmark* case, it is a Kansas Appellate Court case, and therefore is not binding on this Court. Second, even if the Court were to look to the reasoning in *Landmark*, it is inapplicable as Kansas is a mortgage state which limits foreclosures to only judicial foreclosures. In other words, there is no nonjudicial foreclosure and therefore no statutory scheme for nonjudicial foreclosure exists in Kansas as it does in Washington. The judicial foreclosure process is nothing like the nonjudicial foreclosure process and therefore, the Court's analysis is inapplicable. Additionally, unlike the mortgage referenced by the Court in *Landmark*, the language of the Deed of Trust in this case specifically provides that MERS may, "if necessary, has the right to exercise any or all of those interests, including but not limited to, the right to foreclose and sell the Property; and to take any action required of Lending including but not limited to, releasing or cancelling this Security Instrument." *See* Dkt. 23, Exhibit 2. In Washington, the security follows the debt with or without actual assignment of the deed of trust. *In re Leisure Time Sports, Inc.*, 194 B.R. 859, 861 (9th Cir. B.A.P. 1996) (citing *Carpenter v. Longan*, 83 U.S. 271, 275, 21 L.Ed. 313 (1872)). Here, at no time has MERS attempted to foreclose nor have any of the Defendants represented or suggested that MERS is the foreclosing party.

DEFENDANT WELLS FARGO'S REPLY
TO PLAINTIFFS' RESPONSE - 8 of 12
CASE NO. 3:10-cv-05546-RJB

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

different obligation." RCW 61.24.005(2). Generally, a person is a holder of the note by having physical possession of the note, which has either been endorsed to that person or endorsed in blank. *See also* RCW 62A.3-30, RCW 62A.3-301, and RCW 62A.1-201. Thus, an assignment of the deed of trust need not be recorded to take effect and is not central to the analysis to determine who is entitled to enforce the note through nonjudicial foreclosure. RCW 61.24.005(2). All that matters in identifying whether a party is the "Beneficiary," is that the purported Beneficiary be the holder of the note. RCW 61.24.005(2). Recordation of the assignment is *only* important for purposes of a title report. *See* RCW 65.08.070.

Here, Wells Fargo was, at all times relevant to the foreclosure, the holder of the Note, which is endorsed to Wells Fargo Bank, N.A. *See* Dkt. 24. Therefore, the assignment by MERS, for the purposes of an accurate title report, was not what conferred beneficiary status upon Wells Fargo. Wells Fargo was entitled to enforce the obligation prior to the time of the assignment.

MERS, as an agent of the lender, its successors and assigns based on the terms of the deed of trust was authorized to execute the assignment. Black's Law Dictionary defines "nominee" in relevant part as "[a] person designated to act in place of another, usually in a very limited way[,] [or] [a] party who holds bare legal title for the benefit of others[.]" Black's Law Dictionary (9th ed. 2009), at 1149. An agency relationship exists when a principal manifests assent to have an agent act on its behalf, subject to the principal's control and consent of the agent. Restatement (Third) of Agency § 1.01 (2006). An agent may act on behalf of both a disclosed principal (the original lender) and a later unidentified principal (lender's successor and assign). *Id.* at § 1.04. The recorded deed of trust agreement, as executed by the borrower, expressly spells out the principal-agency relationship between MERS and the lender, its successors and assigns. *Id.* at § 2.02 ("An agent has actual authority to take action designated or

DEFENDANT WELLS FARGO'S REPLY
TO PLAINTIFFS' RESPONSE - 9 of 12
CASE NO. 3:10-cv-05546-RJB

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

implied in the principal's manifestations to the agent and acts necessary or incidental to achieving the principal's objectives . . ."). As such, any actions taken by MERS are necessarily actions taken by the lender, its successors and assigns. *See* Dkt. 23, Exhibit 2. ("Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests *. . . and to take any action required of Lender . . .*"). The terms of the deed of trust clearly define the powers of MERS under the agency relationship to act in place of the lender, its successors and assigns, which logically include the power to execute an assignment to reflect an accurate chain of title. Therefore, MERS is the agent of the lender, its successors and assigns, and thus Wells Fargo with respect to the deed of trust, and is generally understood as a person designated to act in place of another.

F. **Plaintiffs present no credible evidence to refute the credibility of the declaration of Jennifer Robinson.**

Plaintiffs attempt to link the declaration of Jennifer Robinson, prepared in response to plaintiffs' lawsuit and in support of this particular motion for summary judgment, to the alleged "robosigned" documents recently receiving coverage by the news media. Plaintiffs, however, provide nothing more than speculation based on the latest bandwagon spurred by recent news reports. This declaration is dissimilar to instances reported in the news where affidavits are made attesting to documents not then attached to such an affidavit. Here, the declaration makes declarations as to information supported by the recorded documents and the note, which was attached as an Exhibit to the declaration. Thus, there is no evidence before the court to indicate that the information contained in Ms. Robinson's declaration is not reliable. Therefore, plaintiffs'

DEFENDANT WELLS FARGO'S REPLY
TO PLAINTIFFS' RESPONSE - 10 of 12
CASE NO. 3:10-cv-05546-RJB

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

speculation does not create a genuine issue of fact, and does not defeat summary judgment.

G. **Wells Fargo Home Mortgage and Wells Fargo Bank, N.A. is one in the same.**

Plaintiffs claim that the fact that Wells Fargo is identified as both Wells Fargo Home Mortgage and Wells Fargo Bank, N.A., makes it unclear who truly holds the loan. However, Wells Fargo Home Mortgage and Wells Fargo Bank, N.A. are one in the same. Wells Fargo Home Mortgage merged into Wells Fargo Bank, N.A. in 2004.[2]

Additionally, only the letter from the originating lender identifies the beneficiary as Wells Fargo Home Mortgage while the Note's endorsement, Notice of Default, Assignment, Appointment of Successor Trustee, and Notice of Sale all consistently identify the beneficiary as Wells Fargo Bank, N.A. Even so, as they are one in the same, both references are accurate, and plaintiffs fail to present a material issue of fact to preclude summary judgment.

H. **Plaintiffs' declaration in support of objection must be stricken as it not made on personal knowledge and attempts to present expert testimony.**

An opposing affidavit must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant is competent to testify on the matters stated. F.R.C.P. 56 (e). Plaintiffs submitted the "Plaintiff Declaration in Support of Objection to Defendant Wells Fargo Bank, N.A.'s Motion for Summary Judgment." The purported declaration, however, does not appear to be based on the personal knowledge of plaintiffs. Rather, it appears to be a chronology and attempted explanation of mortgage finance and securitization. Plaintiffs' declaration also attempts to cite "expert testimony" or qualify

---

[2] Defendants request that the court take judicial notice of the fact of merger of Wells Fargo Home Mortgage into Wells Fargo Bank, N.A pursuant to F.R.E. 201 as it is information capable of accurate and ready determination by resort to whose accuracy cannot reasonably be questioned. Wells Fargo Home Mortgage's web page states in its footer that "Wells Fargo Home Mortgage is a division of Wells Fargo Bank, N.A. *see* https://www.wellsfargo.com/mortgage/

DEFENDANT WELLS FARGO'S REPLY
TO PLAINTIFFS' RESPONSE - 11 of 12
CASE NO. 3:10-cv-05546-RJB

ROUTH
CRABTREE
OLSEN, P.S.

13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131

themselves as experts to provide expert testimony.

Expert testimony is admissible to assist the *trier of fact*. Expert testimony on an ultimate issue of law is inadmissible. *Physicians Ins. Exch. v. Fisons Corp.*, 122 Wn.2d 299, 344, 858 P.2d 1054 (1993). ("Legal opinions on the ultimate legal issue before the court are not properly considered under the guise of expert testimony."); *State Farm Insurance v. Emerson*, 102 Wn.2d 477, 687 P.2d 1139 (1984). The "expert" opinion plaintiffs seek to introduce has no place in this proceeding; its introduction is a brazen disregard for the rules of evidence.

### III.   CONCLUSION

The evidence before the court demonstrates that Wells Fargo and its agents acted in strict compliance with Washington's Deed of Trust Act in carrying out the subject nonjudicial foreclosure, and even in light of plaintiffs' response, all the claims are waived or fail as a matter of law. Based on the foregoing, defendant Wells Fargo respectfully requests that this court consider this reply in support of its motion for summary judgment.

DATED this 24th day of November, 2010.

ROUTH CRABTREE OLSEN, P.S.

By: /s/ Heidi E. Buck
Lance E. Olsen, WSBA No. 25130
Heidi E. Buck, WSBA No. 41769
Attorneys for Defendant Northwest
Trustee Services, Inc.

DEFENDANT WELLS FARGO'S REPLY
TO PLAINTIFFS' RESPONSE - 12 of 12
CASE NO. 3:10-cv-05546-RJB

ROUTH CRABTREE OLSEN, P.S.
13555 SE 36th St., Ste 300
Bellevue, WA 98006
Telephone: 425.458.2121
Facsimile: 425.458.2131