UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| STEVEN L. KLINGER, JR. and<br>SHEILA J. KLINGER,<br><br>       Plaintiffs,<br>   v.<br><br>WELLS FARGO BANK, NA,<br><br>       Defendant. | CASE NO. 3:10-cv-05546-RJB<br><br>ORDER GRANTING DEFENDANT<br>WELLS FARGO BANK, N.A.'S MOTION<br>FOR SUMMARY JUDGMENT AND<br>DISMISSING CLAIMS AGAINST WELLS<br>FARGO BANK, N.A. |

This matter comes before the Court on Defendant Wells Fargo Bank, N.A.'s motion for summary judgment.  Dkt. 23.  The Court has considered the motion and the relevant record herein.

**I.     PROCEDURAL AND FACTUAL HISTORY**

On April 30, 2008, Plaintiffs Steven L. Klinger and Sheila J. Klinger ("Plaintiffs"), in order to secure payment of a promissory note (the "Note") in the amount of $243,676.00, granted to Mortgage Electronic Registrations Systems, Inc. ("MERS") as nominee for Lender Pierce Commercial Bank, its successors and assigns ("Lender") a deed of trust (the "Deed of Trust").  Dkt. 23-3.  The Deed of Trust encumbers the real property commonly known as 8503 163rd

ORDER GRANTING WELLS FARGO'S MOTION
FOR SUMMARY JUDGMENT - 1

Street Court East, Puyallup, Washington 98375 (the "Property"). *Id.* The Deed of Trust was recorded with the Pierce County Auditor on April 30, 2008. *Id.*

On December 8, 2009, MERS executed an assignment of deed of trust (the "Assignment of Deed of Trust") whereby it assigned its interest under the Deed of Trust to Wells Fargo Bank, N.A. ("Wells Fargo"). Dkt. 23-4. The Assignment Deed of Trust was recorded on December 9, 2009. *Id.* On December 8, 2009, Wells Fargo instructed Northwest Trustees Service ("NWTS") to transmit a Notice of Default to Plaintiffs on behalf of Wells Fargo. Dkt. 24, at 2.

On December 9, 2009, Wells Fargo recorded an appointment of successor trustee (the "Appointment of Successor Trustee") naming NWTS the successor trustee. Dkt. 23-5. On December 15, 2009, Plaintiffs recorded a document entitled "Constructive Legal Notice of Lawful Debt Validation Demand" (the "Recorded Demand") with the Pierce County Auditor. Dkt. 23-6. The Recorded Demand states that Plaintiffs "dispute the alleged mortgage debt in it's [sic] entirety for being inaccurate." *Id* at 1.

On August 5, 2010, Plaintiffs filed with the Court (1) an application to proceed *in forma pauperis*, (2) a proposed Petition, (3) a proposed Petition for Restraining Order, (4) a memorandum in support of the proposed Petition for Restraining Order, and (5) a proposed Petition for Temporary Injunction. Dkt 1. Plaintiffs filed a Return of Service stating their Original Petition and motions for temporary restraining order were served on Defendants via U.S. Mail on August 5, 2010. Dkt. 3.

On August 6, 2010, the Property was sold at a trustee's sale to Wells Fargo as the highest bidder. Dkt. 23-1. A Trustee's Deed was delivered and recorded on August 17, 2010. *Id.*

ORDER GRANTING WELLS FARGO'S MOTION
FOR SUMMARY JUDGMENT - 2

On August 11, 2010, the Court issued an order denying Plaintiffs' application to proceed *in forma pauperis*. Dkt. 2. On August 16, 2010, Plaintiffs paid the necessary filing fee. On September 1, 2010, the Court issued an order denying Plaintiffs' motion for temporary restraining order. Dkt. 12.

On October 12, 2010, Wells Fargo filed this motion for summary judgment. Dkt. 23. In the motion for summary judgment, Wells Fargo argues that any claim against it should be dismissed because (1) Plaintiffs failed to exercise their pre-sale remedies under RCW 61.24.130, and (2) Plaintiffs fail to make any factual allegations as to Wells Fargo in support of any of Plaintiffs' claims. *Id*.

On October 27, 2010, Plaintiffs filed a motion requesting leave to file an amended complaint. Dkt. 28. On October 28, 2010, the Court issued an order denying Plaintiffs' motion and directing Plaintiffs to file any arguments or evidence that they sought to include in an amended complaint in their response to Wells Fargo's motion for summary judgment. Dkt. 29.

On November 21, 2010, Plaintiffs filed a response. Dkt. 33. In their response, Plaintiffs argue (1) that Pierce Commercial Bank failed to make sufficient disclosures to Plaintiffs and should be added as a party to this case, (2) the Assignment of Deed of Trust is "false," (3) the Declaration of Jennifer Robinson (Dkt. 24) is illegitimate, and (4) Wells Fargo did not adhere to the requirements of RCW 61.24 when "Wells Fargo Home Mortgage" and "Wells Fargo Bank, NA" both apparently interacted with Plaintiffs. *Id*.

On November 24, 2010, Wells Fargo filed a reply. Dkt. 34.

## II.  SUMMARY JUDGMENT STANDARD

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the

ORDER GRANTING WELLS FARGO'S MOTION
FOR SUMMARY JUDGMENT - 3

movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the non moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt."). *See also* Fed.R.Civ.P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Service Inc. v. Pacific Electrical Contractors Association*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254, *T.W. Elect. Service Inc.*, 809 F.2d at 630. The court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elect. Service Inc.*, 809 F.2d at 630 (relying on *Anderson, supra)*. Conclusory, non specific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990).

### III.   DISCUSSION

ORDER GRANTING WELLS FARGO'S MOTION
FOR SUMMARY JUDGMENT - 4

A. <u>Claims in Plaintiffs' Complaint (Dkt. 5)</u>

Plaintiffs' complaint, totaling twenty-fives pages, contains rambling, inarticulate accusations against the banking industry in general. However, because Plaintiffs filed this complaint *pro se*, the Court has construed the pleadings liberally and has afforded Plaintiffs the benefit of any doubt. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir.1988).

Plaintiffs' complaint can be fairly summarized to allege eight claims: (1) violation of the Truth in Lending Act, 15 U.S.C. § 1601 *et seq*; (2) breach of fiduciary duty; (3) negligence; (4) fraud; (5) breach of an implied covenant of good faith and fair dealing; (6) intentional infliction of emotional distress; (7) unjust enrichment; and (8) deceptive advertising and business practices in violation of 15 U.S.C. § 45. Dkt. 5. Wells Fargo seeks dismissal of all claims alleged against it. Dkt. 23.

As a preliminary matter, the complaint does not mention Wells Fargo in any section of the complaint other than (1) the pleadings' caption (Dkt. 5, at 1), (2) a paragraph on the first page identifying the parties (*Id.*), and (3) a passing reference to the bank in a history of the financial system (Dkt. 5, at 3). Instead, the allegations in Plaintiffs' complaint are generally targeted towards the "Lender" and the "Defendants." Nevertheless, the Court will examine each of the claims alleged in the complaint to determine if any case has been made out against Wells Fargo.

*Claims under the Truth in Lending Act.* Plaintiffs claim that the conduct of Defendants is in violation of the Truth in Lending Act (TILA), 15 U.S.C. § 1601, *et seq*. Dkt. 5, at 22. Wells Fargo argues that any TILA claim against it is time barred. Dkt. 23, at 10.

A claim for monetary damages under TILA "may be brought ... within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). A TILA violation occurs at the

ORDER GRANTING WELLS FARGO'S MOTION
FOR SUMMARY JUDGMENT - 5

time the loan documents are signed. *See Meyer v. Ameriquest Mortgage Co.*, 342 F.3d 899, 902 (9th Cir.2003); *see also Vatomanyuk v. Quality Loan Service Corp. of Washington*, 699 F.Supp.2d 1242, 1244 (W.D.Wash.2010).

Here, the evidence shows that the loan in question was closed in April 2008 (Dkt. 23-2) and that Plaintiffs filed their claims under TILA in August 2010 (Dkt. 5). Plaintiffs' claims for monetary damages under TILA were therefore brought outside the limitations period.

Plaintiffs also apparently argue that the limitations period for TILA should be equitably tolled. Dkt. 5, at 14. For a TILA claim, equitable tolling "suspend[s] the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the... action." *King v. State of Cal.*, 784 F.2d 910, 915 (9th Cir.1986). However, "[w]here equitable tolling may be applicable to a federal claim, the 'claim accrues ... upon awareness of the actual injury, not upon awareness that this injury constitutes a legal wrong.'" *Lukovsky v. San Francisco*, 535 F.3d 1044, 1049 (9th Cir.2008). Here, Plaintiffs have not provided evidence to show that they only discovered the alleged TILA violations outside the limitations period or that they did not have a reasonable opportunity to discover the alleged fraud or non-disclosures within the limitations period. Accordingly, because equitable tolling of the TILA statute of limitations is not appropriate for this claim, the claim should be dismissed.

*Breach of fiduciary duty*. Plaintiffs allege that "Defendants…owed [Plaintiffs] a fiduciary duty of care with respect to the mortgage loan transactions and related title activities involving the Trust Property." Dkt. 5, at 19. Although the "Trust Property" is not identified in the complaint, Plaintiffs presumably refer to the real property that is the focus of this dispute. Wells Fargo argues that because it acquired its beneficial interest more than eighteen months

after the origination of the loan, it owes no fiduciary duty to Plaintiffs on which Plaintiffs can be entitled to relief.  Dkt. 23, at 9.

Breach of a fiduciary duty imposes liability in tort.  *Tedvest Agrinomics VI v. Tedman Properties V*, 49 Wn.App. 605, 607 (1987).  In order to prevail, Plaintiffs "must establish: (1) the existence of a duty [owed to them]; (2) a breach of that duty; (3) a resulting injury; and (4) that the claimed breach was the proximate cause of the injury."  *Hansen v. Friend*, 118 Wn.2d 476, 479 (1992).  Whether a legal duty exists is a question of law.  *Id.*

Here, Plaintiffs have alleged no facts nor provided any evidence to show that Wells Fargo owes Plaintiffs a fiduciary duty.  Wells Fargo acquired its beneficial interest in December 2009, nearly two years after the alleged conduct during the marketing and origination of their loan that Plaintiffs apparently claim to be a breach of a fiduciary duty.  Plaintiffs have provided no indication that Wells Fargo was involved in the allegedly inappropriate conduct that they describe.  Accordingly, because there was no existence of a duty owed to Plaintiffs from Wells Fargo, this claim should be dismissed as a matter of law.

*Negligence.*  Plaintiffs claim that Defendants owed to Plaintiffs "a general duty of care…to properly perform due diligence as to the loans and related transactional issues." Dkt. 5, at 20.  Wells Fargo argues that because it is a successor trustee appointed over eighteen months after the origination of the loan, any claim of negligence fails as a matter of law.  Dkt. 23, at 8-9.

"In an action for negligence a plaintiff must prove four basic elements: (1) the existence of a duty, (2) breach of that duty, (3) resulting injury, and (4) proximate cause."  *Ranger Ins. Co. v. Pierce County*, 164 Wn.2d 545, 552-53 (2008) (*quoting Degel v. Majestic Mobile Manor, Inc.*, 129 Wn.2d 43, 48 (1996)).  If any of these elements cannot be met as a matter of law, summary judgment for Wells Fargo is proper.

ORDER GRANTING WELLS FARGO'S MOTION
FOR SUMMARY JUDGMENT - 7

Here, Plaintiffs have not established that Wells Fargo owed them a duty of care. While Plaintiffs' allegations relate to the origination of their mortgage, the evidence presented by Wells Fargo shows that Wells Fargo only became involved with this loan many months after the conduct described by Plaintiffs took place. Because there are no genuine issues of material fact, Plaintiffs' negligence claim should be dismissed.

*Fraud*. Plaintiffs bring a claim of common law fraud, arguing that Wells Fargo promulgated false misrepresentations to cause Plaintiffs to enter in to their mortgage "without knowledge or understanding of the terms thereof." Dkt. 5, at 21.

Under Washington law, a claim for fraud has the following nine elements: "(1) representation of an existing fact; (2) materiality; (3) falsity; (4) the speaker's knowledge of its falsity; (5) intent of the speaker that it should be acted upon by the plaintiff; (6) plaintiff's ignorance of its falsity; (7) plaintiff's reliance on the truth of the representation; (8) plaintiff's right to rely upon it; and (9) damages suffered by the plaintiff." *Stiley v. Block*, 130 Wn.2d 486, 505 (1996).

To survive a motion to dismiss, a complaint must plead allegations of fraud with particularity. Fed.R.Civ.P. 9(b). The complaint must include "an account of the 'time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentations.'" *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir.2007) (quoting *Edwards v. Marin Park, Inc*., 356 F.3d 1058, 1066 (9th Cir.2004)). Moreover, "Rule 9(b) does not allow a complaint to merely lump multiple defendants together but requires plaintiffs to differentiate their allegations when suing more than one defendant and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Id*. at 764-65 (internal quotation and edits omitted). Thus, where, as here, a fraud suit involves multiple defendants, "a

ORDER GRANTING WELLS FARGO'S MOTION
FOR SUMMARY JUDGMENT - 8

plaintiff must, at a minimum, identify the role of each defendant in the alleged fraudulent scheme." *Id*. at 765 (internal quotation and edits omitted).

Rather than identifying the specific circumstances of Wells Fargo's allegedly fraudulent conduct, Plaintiffs make broad allegations that "Defendants" made non-specified negligent misrepresentations to Plaintiffs. Plaintiffs have failed to identify what role Wells Fargo played in any alleged fraud. Furthermore, Plaintiffs did not produce any evidence regarding any of the elements of fraud to rebut Wells Fargo's motion for summary judgment. Accordingly, this claim should be dismissed.

*Breach of an implied covenant of good faith and fair dealing*. Plaintiffs argue that Defendants breached the implied covenant of good faith and fair dealing when Defendants (1) failed to provide all proper disclosures and (2) failed to perform valid or properly documented substitutions and assignments "so that Plaintiffs could ascertain their rights and duties." Dkt. 5, at 22.

There is in every contract an implied duty of good faith and fair dealing. *Badgett v. Security State Bank*, 116 Wn.2d 563, 569 (1991). This duty obligates the parties to cooperate with each other so that each may obtain the full benefit of performance. *Id*.

Here, Plaintiffs have not shown how Wells Fargo's alleged failure to disclose prevented Plaintiffs from receiving the benefits of the loan agreement. Plaintiffs' rights and duties were established by the original mortgage documents and any assignment of the Note did not change Plaintiffs' rights and duties. This claim should be dismissed.

*Intentional infliction of emotional distress.* Plaintiffs claim that Defendants were liable for the tort of intentional infliction of emotional distress, also known as outrage. Dkt. 5, at 23.

ORDER GRANTING WELLS FARGO'S MOTION
FOR SUMMARY JUDGMENT - 9

"The tort of outrage requires the proof of three elements: (1) extreme and outrageous conduct, (2) intentional or reckless infliction of emotional distress, and (3) actual result to plaintiff of severe emotional distress." *Kloepfel v. Bokor*, 149 Wn.2d 192, 195 (2003). "The question of whether certain conduct is sufficiently outrageous is ordinarily for the jury, but it is initially for the court to determine if reasonable minds could differ on whether the conduct was sufficiently extreme to result in liability." *Dicomes v. State*, 113 Wn.2d 612, 630 (1989); *see Robel v. Roundup Corp.*, 148 Wn.2d 35 (2002). "The first element requires proof that the conduct was 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" *Robel*, 148 Wn.2d at 51 (quoting *Dicomes*, 113 Wn.2d at 630).

Here, Wells Fargo's alleged conduct does not exceed all bounds usually tolerated by decent society. Plaintiffs' conclusory statement that Defendants' conduct was extreme and outrageous, without alleging facts or producing evidence to support this legal conclusion, is insufficient as a matter of law. Moreover, Plaintiffs assert that they suffered severe emotional distress, but do not allege any facts in support of this assertion. Because Plaintiffs have not met their burden to establish a genuine issue of material fact, this claim should be dismissed.

*Unjust enrichment.* Plaintiffs appear to allege that Wells Fargo was unjustly enriched as a result of various "spurious fees and charges." Dkt. 5, at 18. Under Washington law, unjust enrichment is composed of three elements: "(1) the defendant receives a benefit, (2) the received benefit is at the plaintiff's expense, and (3) the circumstances make it unjust for the defendant to retain the benefit without payment." *Young v. Young*, 164 Wn.2d 477, 484-485 (2008).

A party may not bring an unjust enrichment claim where an express contract governs the relationship between the parties. *MacDonald v. Hayner*, 43 Wn.App. 81, 85-86 (1986). "A

party to an express contract is bound by the provisions of that contract and may not disregard the same and bring an action on an implied contract relating to the same subject matter, in contravention of the express contract." *Id.* Here, notwithstanding the fact that Wells Fargo became involved with this mortgage more than eighteen months after the origination of the loan, Plaintiffs' express contract with their lender bars them from bringing an unjust enrichment claim relating to the loan contract. *See Guketlov v. Homekey Mortg., LLC*, 2009 WL 3785575 (W.D.Wash.2009). Accordingly, this claim should be dismissed.

*Deceptive advertising and unfair business practices in violation of 15 U.S.C. § 45.*

Plaintiffs allege that Defendants have engaged in a variety of unfair and unlawful business practices in violation of the Federal Trade Commission Act, 15 U.S.C. § 45 *et seq*. This section of the United States Code, however, does not provide for any private cause of action. *See, e.g., Holloway v. Bristol-Myers Corp.*, 485 F.2d 986, 988 (D.C.Cir.1973). Therefore, this claim should be dismissed.

B. <u>Additional Claims in Plaintiffs' Response (Dkt. 33)</u>

As demonstrated above, Plaintiffs' response does not provide sufficient evidence to meet their burden to defeat Wells Fargo's motion for summary judgment on the claims presented in Plaintiffs' complaint. However, Plaintiffs' response does raise new claims that were not presented in Plaintiffs' complaint. While the Court would ordinarily not consider new claims presented in a response to a motion for summary judgment, in the interest of fairness the Court will liberally construe the pleading for the benefit of Plaintiffs. Furthermore, because Wells Fargo responded to each of the new claims presented by Plaintiffs, these new claims have been fully briefed to the Court.

ORDER GRANTING WELLS FARGO'S MOTION
FOR SUMMARY JUDGMENT - 11

*False Assignment of Deed of Trust.* Plaintiffs argue that Wells Fargo "caused to be recorded in the county record false filings," specifically the Assignment of Deed of Trust (Dkt. 23-4). Dkt. 33, at 3-5. According to Plaintiffs, the Assignment of Deed of Trust is "false" and assigned nothing to Wells Fargo because it was "executed by a party Mortgage Electronic Registration Systems (MERS), which has [no] beneficial interest in the underlying Debt Obligation at all." Dkt. 33, at 3. In its reply, Wells Fargo argues this claim is without merit because MERS is authorized to serve as a beneficiary under the Washington Deed of Trust Act and because an assignment by MERS was authorized and in accordance with Washington law. Dkt. 34.

Plaintiffs' claim regarding MERS' role under the Washington Deed of Trust Act is similar to other claims that have been rejected in past cases brought in this district. *See, e.g., Daddabbo v. Countrywide Home Loans, Inc.*, 2010 WL 2102485 (W.D. Wash. May 20, 2010); *Vawter v. Quality Loan Service Corp. of Washington*, 707 F.Supp.2d 1115, 1125-1126 (W.D. Wash. 2010). The Court concurs with the analysis regarding this issue in those well reasoned cases. As a result, summary judgment on this issue in favor of Wells Fargo is appropriate because there exist no genuine issues of material fact.

*Challenge to legitimacy of Robinson Declaration (Dkt. 24).* Plaintiffs appear to challenge the reliability of the Declaration of Jennifer Robinson in Support of Defendant Wells Fargo's Motion for Summary Judgment (Dkt. 24). Dkt. 33, at 6. Wells Fargo contends that Plaintiffs' claim is speculation and without supporting evidence.

Plaintiffs' claim is meritless. In support of their allegation, Plaintiffs filed a deposition from an unrelated state court case that they argue shows the unreliability of the declaration. Dkt. 33-2. This evidence does not support Plaintiffs' contention and does not raise a genuine issue of

ORDER GRANTING WELLS FARGO'S MOTION
FOR SUMMARY JUDGMENT - 12

material fact as to any claim against Wells Fargo.  Accordingly, Wells Fargo is entitled to summary judgment on this issue.

*Non-adherence to RCW 61.24 regarding "Wells Fargo Home Mortgage."*  Plaintiffs allege that Wells Fargo failed to adhere to the requirements of RCW 61.24 "to complete a lawful foreclosure" because interactions between Plaintiffs and Wells Fargo apparently involved both "Wells Fargo Home Mortgage" and "Wells Fargo Bank, NA."  Dkt. 33, at 6-7.  Wells Fargo argues that both "Wells Fargo Home Mortgage" and "Wells Fargo Bank, N.A." are "one and the same" because Wells Fargo Home Mortgage merged into Wells Fargo Bank, N.A. in 2004.  Dkt. 34, at 11.

This claim is also without merit.  In response to Plaintiffs' debt validation requests, Wells Fargo responded to Plaintiffs via a letter dated February 11, 2010.  Dkt. 13-9.  In this letter, Wells Fargo makes clear that Wells Fargo Home Mortgage is a division of Wells Fargo Bank, NA.  *Id.*  Plaintiffs present no legitimate basis to challenge the fact that they were previously notified as to the relationship between the entities.  Because there are no genuine issues of material fact regarding this claim, Wells Fargo is entitled to summary judgment on this issue.

*Claims against Pierce Commercial Bank.*  Plaintiffs claim that Pierce Commercial Bank failed to provide sufficient disclosures during the origination of their loan.  Dkt. 33, at 2. Pierce Commercial Bank is not a party to this case.  Because Plaintiffs' allegations against Pierce Commercial Bank do not involve Wells Fargo to any extent, Wells Fargo should not be forced to expend additional resources as a result of this new claim.  Accordingly, this new claim should not stand in the way of granting summary judgment in favor of Wells Fargo.  Furthermore, Plaintiffs are not precluded from pursuing claims against other parties in a new case.

ORDER GRANTING WELLS FARGO'S MOTION
FOR SUMMARY JUDGMENT - 13

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

## IV. ORDER

Therefore it is hereby **ORDERED** that Defendant Wells Fargo's motion for summary judgment (Dkt. 23) is **GRANTED**. All claims against Defendant Wells Fargo Bank, N.A. are **DISMISSED** and this case is **DISMISSED**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

DATED THIS 9th day of December, 2010.

_/s/ Robert J. Bryan_
ROBERT J. BRYAN
United States District Judge